**ARMSTRONG et al. v. LANGMUIR et al.**

(Circuit Court of Appeals, Second Circuit. March 2, 1925.)

No. 237.

**1. Appearance ⊗═9(2) — Coupling of motions by party appearing specially held not to constitute general appearance.**

A party, sued in the wrong district and appearing specially, may couple a motion to dis-

6 F.(2d)—24

miss on that ground with a motion to dismiss for lack of substantive jurisdiction over the subject-matter without making a general appearance, where the second motion is not an alternative to the first, but dependent on its validity, as that the moving defendant is an indispensable party.

**2. Equity ⊗═361—Defendant not served has no standing to move to dismiss as to other defendants.**

A defendant not served, though an indispensable party, has no standing in the suit which entitles him to ask a dismissal as to other defendants.

**3. Appearance ⊗═9(5)—Coupling of motions by defendants, appearing specially, held not to constitute general appearance.**

The coupling by defendants, appearing specially, of a motion to dismiss for lack of personal jurisdiction over them with a motion to dismiss generally for want of an indispensable party, held not to constitute a general appearance.

**4. Equity ⊗═361—Defendants dismissed from suit have no standing to move to dismiss generally.**

Defendants, appearing specially to move to dismiss for lack of personal jurisdiction over them, if their motion is well taken, have no standing in the suit which entitles them to ask a dismissal as to other defendants.

**5. Patents ⊗═114—Assignor held proper party to suit to compel issuance to adverse applicant.**

The assignor of a patent held a proper party to a suit, under Rev. St. § 4915 (Comp. St. § 9460), to determine the right of an adverse applicant to the patent.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Edwin H. Armstrong and the Westinghouse Electric & Manufacturing Company against Irving Langmuir and others. From an order dismissing the bill, complainants and certain defendants appeal. Affirmed as to certain parties defendant, and reversed as to others.

Appeal from an order of the District Court of the Southern District of New York dismissing a bill of complaint against the defendants Lee De Forest, De Forest Radio Telephone & Telegraph Co., Alexander Meissner, and the Secretary of the Navy, and dismissing the bill as to all parties, because the De Forest Radio Telephone & Telegraph Company was an indispensable party defendant.

Pennie, Davis, Marvin & Edmonds, of New York City (Thomas Ewing, Wm. H. Davis, and W. B. Morton, all of New York City, of counsel), for appellants Armstrong and Westinghouse Electric Mfg. Co.

Darby & Darby, of New York City (Thomas G. Haight, of Jersey City, N. J., and Samuel E. Darby, Jr., of New York City, of counsel), for appellees De Forest and De Forest Radio Telephone & Telegraph Co.

Clifton V. Edwards, of New York City, for appellees Secretary of the Navy and Meissner.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HAND, Circuit Judge. The plaintiff filed a bill in equity under Rev. St. § 4915, (Comp. St. § 9460), to procure an adjudication that they were entitled to receive a patent, which they had been denied by proceedings in the Patent Office terminating in a decision by the Court of Appeals for the District of Columbia. They alleged that Armstrong was the inventor of an invention described in an application filed in the Office, which he had assigned to the Westinghouse Electric Manufacturing Company; that in the progress of that application through the Office his claim had been put into interference with the applications of the parties hereto, Langmuir, Meissner, and De Forest. Three claims were stated by the Commissioner of Patents as common to the applications, and these eventually were awarded to the defendant De Forest. Before that time De Forest had assigned his rights to the De Forest Company which in turn had executed certain instruments annexed to the bill conveying to the American Telephone & Telegraph Company an exclusive license in the invention. It further alleged that Meissner's application had been seized by the Alien Property Custodian, who had conveyed his interest in it to the Secretary of the Navy.

De Forest is a resident of New York and citizen of the United States; the De Forest Radio Telephone & Telegraph Company is a Delaware corporation; Meissner is a citizen of Austria, living in Berlin; the Secretary of the Navy is a resident of the District of Columbia; Langmuir is a citizen of the United States residing in New York; the General Electric Company is a New York Company, and so is the American Telephone & Telegraph Company. De Forest was properly served, as were the General Electric Company and the American Telephone & Telegraph Company. Langmuir and the General Electric Company have filed an answer, alleging that Langmuir was the first inventor of the claims in suit, and praying a declaration to that effect in this suit. On May 29, 1924, the District Court ordered a copy of the bill, accompanied by a copy of the order itself, to be served upon all parties to the interference, but this was for mere regularity under the statute.

De Forest appeared specially to dismiss the bill on the ground that he had no interest in the subject-matter, because he had assigned all interest to the De Forest Company. The De Forest Company appeared specially and moved to dismiss the bill as to it, because it was not subject to process of the District Court, and further moved to dismiss it as to all parties, because it was an indispensable party to the suit. Meissner and the Secretary of the Navy likewise appeared specially and moved to vacate the order for notice to adverse parties, because the De Forest Company was a necessary party and was not subject to the jurisdiction of the District Court, and because they could not be called upon to assert their rights in a case in which that company was not a party. For the same reasons they moved to dismiss the bill as to all the parties. The District Court granted the motion of the De Forest Company, Meissner, and the Secretary of the Navy, because they were not within its jurisdiction. In addition, it dismissed the bill against all the defendants, because the De Forest Company was an indispensable party. It dismissed the bill as to De Forest personally, because he had no interest in the suit. Armstrong, the Westinghouse Company, Langmuir, and the General Electric Company appeal, and so the case comes to us.

[1] Assuming, as the plaintiffs wish us to do, that the suit is in personam, the De Forest Company was clearly right in its motion to dismiss as to itself. The appellants concede as much, but argue that by coupling with the motion to dismiss for lack of jurisdiction the motion to dismiss the bill as to all the defendants the company appeared generally. We think not. While of course we agree that a special appearance and motion to dismiss for lack of personal jurisdiction cannot be coupled with a motion upon the merits, it seems to us that the two motions here coupled do not fall within that rule. It is, for example, settled in at least three circuits that a party sued in the wrong district may couple a motion to dismiss on that ground with a motion to dismiss for lack of substantive jurisdiction over the subject-matter. Southern Pac. Co. v. Arlington Heights Co., 191 F. 101 (C. C. A. 9), 111 C. C. A. 581; Jones v. Gould, 149 F. 153 (C. C. A. 6), 80 C. C. A. 1; Kelley v. Smith, 196 F. 466 (C. C. A. 7), 116 C. C. A. 240. The decision to the contrary in Mahr v. Union Pacific Co. (C. C.) 140 F. 921, must be con-

sidered as overruled. It is true that the case at bar was not like those just cited. The De Forest Company in substance asserted that it could not be sued in the Southern district of New York, and since it could not that the whole suit must lapse, because it was an indispensable party. The second phase of this motion was not an alternative to the first, but dependent on its validity. If the first was not good, the second was not good. This in our judgment was free from the vice which makes any motion on the merits a general appearance. A man may not say that he is not properly before the court, and in the same breath argue that, if he be, there is no ground to hold him. Courts have found an inconsistency in such an attitude which has led them to insist that a motion upon the merits presupposes that the party is before the court. But no such inconsistency arises when the second motion is not an alternative, but a supposed sequela of the first. We think, therefore, that the dismissal of the bill as against the De Forest Company was valid, and should not be reversed.

[2] Nevertheless we are of opinion that the District Court erred in granting the motion of the De Forest Company to dismiss the bill as to all the defendants. That motion was based on the theory that the De Forest Company was an indispensable party defendant and that it had not been served in personam. But if the last assumption be true the De Forest Company has no locus standi to ask a dismissal against the other defendants. It could have no interest at all in a bill to which it was not a party, and it was in no position to move on a hypothesis which must assume that it was not a party.

[3, 4] The motion of Meissner and the Secretary of the Navy to vacate the order is in a somewhat different position. As a motion to dismiss for lack of jurisdiction, it must succeed, still assuming the suit to be in personam. However, they have coupled this motion with a motion to dismiss as to all the defendants because the De Forest Company is an indispensable party and has not been joined. Thus it is not true, as in the case of De Forest Company, that their motion to dismiss the bill generally presupposes the correctness of their motion to dismiss for lack of personal jurisdiction. The motion to dismiss generally would be equally good, if they are in fact parties. That motion may therefore be regarded as truly alternative to the motion to dismiss for lack of personal jurisdiction. Still we think, though their position is weaker than that of the De Forest Company, that they have not appeared generally.

The position which they assume is in effect that the court has no power to proceed at all to the merits, because no decree can conclude that controversy which the suit seeks to present. While it is true that this may involve an inquiry into the real rights of the parties, so often does a motion to dismiss for lack of substantive jurisdiction. We have been referred to no case upon the subject, but it seems to us that the situation is in substance the same, whether the court's right to proceed be challenged because it has been vested with no power to act in such a controversy at all, or because it has not before it the parties who can alone give it that power. These considerations do indeed apply as well to the De Forest Company, though we do not find it necessary to invoke them as to it. They result in our holding that there was no general appearance for Meissner and the Secretary of the Navy. For the same reasons as in the motion of the De Forest Company, we hold that these defendants have no standing to dismiss the bill generally.

[5] While it is true that De Forest personally has no interest in the litigation (Garfield v. Western Electric Co. [D. C.] 298 F. 659), we think that he may none the less be a proper party. He is in a similar position to that of the grantor of an equity of redemption in a foreclosure suit. It has always been deemed proper, and it is customary, to join such grantors, upon the theory that the decree will cut off any equities which may subsist between them and their grantees, who are the necessary parties. It is true that such joinders are useless, if the grantee itself has not been brought in, but we cannot now say that this can never be done. If De Forest be a proper party on the face of the bill, we see no reason to dismiss it as to him. The decree may be of no value to the plaintiffs, but he cannot complain.

As we view the case, therefore, there was no party competent to move to dismiss the bill, except the American Telephone & Telegraph Company, De Forest, or the General Electric Company, none of whom do so. The result is that the dismissal of the bill for lack of personal jurisdiction should be affirmed as to Meissner, the Secretary of the Navy, and the De Forest Company, and the dismissal as to De Forest and the other defendant should be reversed.

In such a difficult subject we decide only what we must. Therefore we dispose of the cause on the theory on which it was argued; i. e., that the suit is throughout in personam. There is another theory, which we suggest only to avoid any implication from our si-

lence. It may conceivably be possible to regard the party to whom the contested claims have been awarded in the Patent Office as the holder of a res and the suit as in rem to establish the title between all claimants. If so, then it might follow that absent claimants could be brought in by mere notice, as distinct from personal service, as in analogous cases. No doubt the plaintiff must even so acquire personal service over the party who has title to the claims; that would in the case at bar involve a decision here as to which of the two, the De Forest Company or the American Telephone & Telegraph Company, is now the holder of the claims. If it was the American Telephone & Telegraph Company, the De Forest Company might then be properly in the suit, even as the record stands, and without personal service, and so might Meissner and the Secretary of the Navy.

It is enough we think to observe that none of these three suggest any such thing, and that the plaintiffs, while objecting to their dismissal, do not argue that the suit is of that character which alone would make it possible to hold them without personal service. Until they take that position, we feel free to dispose of the case as they present it, merely reserving the point, should it ever hereafter arise. Our decision is therefore to be read only upon the assumption that the suit is throughout in personam.

Order affirmed, dismissing the bill as to Meissner, the Secretary of the Navy, and the De Forest Company.

Order reversed, dismissing the bill as to De Forest and as to the defendants generally for defect of parties.