**ETTENBERG v. BLAIR, Commissioner of Internal Revenue, et al. (two cases).**

District Court, S. D. New York. May 15, 1926.

Mortimer Elliott, of New York City, for complainant.

Emory R. Buckner, U. S. Atty., of New York City (U. S. Grant, U. S. Atty., of New York City, of counsel), for defendants.

THACHER, District Judge (after stating the facts as above). From the meager allegations of the complaints in these actions, it may be assumed that the actions are brought pursuant to section 9 of title 2 of the National Prohibition Act of October 28, 1919, c. 85, 41 Stat. 311 (27 USCA § 21), to review the action of the Commissioner of Internal Revenue and his agents in revoking a permit to purchase intoxicating liquors. By special appearance the defendants question the jurisdiction of the court upon the ground that this is not the proper district in which to bring the suit. The complainant in each case is a registered pharmacist of the state of New York and is engaged in the conduct of a pharmacy in the borough of Brooklyn, in the Eastern district. The respondent David H. Blair is the Commissioner of Internal Revenue. The respondent James E. Jones is Acting Prohibition Commissioner. The respondent Chester P. Mills is Federal Prohibition Administrator for the state of New York. Nothing further appears in regard to the parties, their business, or residences. It is not shown where the administrative hearing was held. Unless the parties agreed upon some other place, the statute required it to be held "where the offense is alleged to have occurred." Section 9, title 2, National Prohibition Act. This must have been in the Eastern district, since it was there that the business was conducted. There is nothing in the statute which determines the district of suit. Section 9 provides: "Should the permit be revoked by the Commissioner, the permittee may have a review of his decision before a court of equity in the manner provided in Section 5 hereof." Section 5 of title 2 of the act (27 USCA § 14) provides: "The manufacturer may by appropriate proceeding in a court of equity have the action of the commissioner reviewed, and the court may affirm, modify, or reverse the finding of the commissioner as the facts and law of the case may warrant." The district of suit not being designated in the Prohibition Act, venue depends upon the general statutes. Macon Grocery Co. v. Atlantic Coast Line, 215 U. S. 501. 30 S. Ct. 184, 54 L. Ed. 300. I do not think the Prohibition Act impliedly required that suit be brought in the judicial district in which the offense was committed or in which the revoca-

tion proceedings were had, which was apparently the ruling in Warren v. Blair, an unreported decision of the Supreme Court of the District of Columbia which is referred to upon the government's brief. Nor do I think that the express provisions of section 51 of the Judicial Code (28 USCA § 112), can be nullified by implication, but only by express statutory provision requiring suit to be brought otherwise than as provided in that section. Accordingly, I feel constrained to hold that the case is governed by section 51 of the Judicial Code, which requires with certain exceptions none of which are pertinent here, that "no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." The latter clause of course has no application, because jurisdiction is not dependent upon diversity of citizenship.

 In cases where one or more of several defendants are neither inhabitants of nor found within the district in which suit is brought, and do not voluntarily appear, the court may entertain jurisdiction under section 50 of the Judicial Code (28 USCA § 111), and proceed to the trial and adjudication of the suit between the parties properly before it. But neither this section nor rule 47 of the Equity Rules (28 USCA § 723), permits the court to entertain jurisdiction in the absence of a party whose presence is indispensable. Waterman v. Canal-Louisiana Bank Co., 215 U. S. 33, pages 48 to 49, 30 S. Ct. 10, 54 L. Ed. 80. And it has been held by the Circuit Court of Appeals in this circuit that the Commissioner of Internal Revenue is an indispensable party, and that such a suit as this cannot proceed in his absence and must be dismissed without prejudice even after appeal to the Circuit Court of Appeals, although the question was not raised in the District Court where there was a trial and a full hearing on the merits. Alcohol Warehouse Corp. v. Canfield, 11 F. (2d) 214.

The question of venue having been raised at the outset by special appearance, it follows that the motions made in behalf of the defendants must be granted. This conclusion dispenses with the necessity of considering the complainants' motions for injunctions pendente lite.