### HAZELTINE CORPORATION v. WHITE.
### No. 6682.

District Court, E. D. New York.
Jan. 11, 12, 1933.

Pennie, Davis, Marvin & Edmonds, of New York City (Willis H. Taylor, Jr., of New York City, of counsel), for plaintiff.

Lawrence K. Sager, of New York City, for defendant.

GALSTON, District Judge.

This is a motion by the defendant, who filed a special appearance to dismiss the complaint on the ground that the court lacks jurisdiction of the subject-matter and of the defendant.

The action is brought pursuant to the provisions of section 4915 of the Revised Statutes as amended by Act March 2, 1929, 45 Stat. 1476 (title 35, U. S. C. § 63 [35 USCA § 63]).

It appears from the complaint that two interferences were declared by the Patent Office on applications of the defendant, Sidney Y. White, and of one Carl E. Trube, through whom the plaintiff claims. Priority was awarded to the defendant.

In addition to White and Trube, one Daley was a party to one of the interferences, and Daley and Roberts were parties, in addition to White and Trube, to the other interference.

Section 4915 as amended provides, in part, as follows: "Whenever a patent on application is refused by the Commissioner of Patents, the applicant, unless appeal has been taken from the decision of the board of appeals to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided, in which case no action may be brought under this section, may have remedy by bill in equity, if filed within six months after such refusal; and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear. And such adjudication, if it be in favor of the right of the applicant, shall authorize the commissioner to issue such patent on the applicant filing in the Patent Office a copy of the adjudication and otherwise complying with the requirements of law."

Defendant's position is that the Supreme Court of the District of Columbia is the only court of original jurisdiction (except in those cases in which the parties appear voluntarily) in causes brought pursuant to section 4915, when it appears that the residences of the parties are in a plurality of federal districts.

In support of his position the defendant relies on the Amendment of March 3, 1927, c. 364, 44 Stat. 1394 (title 35, U. S. C. § 72a [35 USCA § 72a]). That section reads: "Upon the filing of a bill in the Supreme Court of the District of Columbia wherein remedy is sought under section 63 or section 66 of this title, without seeking other remedy, if it shall appear that there is an adverse party residing in a foreign country, or adverse parties residing in a plurality of districts not embraced within the same State, the court shall have jurisdiction thereof and writs shall, unless the adverse party or parties voluntarily make appearance, be issued against all of the adverse parties with the force and effect and in the manner set forth in section 113 of Title 28; provided that writs issued against parties residing in foreign countries pursuant to this section may be served by publication or otherwise as the court shall direct. (Mar. 3, 1927, c. 364, 44 Stat. 1394.)"

There is nothing in the text to indicate that exclusive authority is vested in the Supreme Court of the District of Columbia. On its face that section was intended to enable a plaintiff in a cause in which he names adverse parties residing in a foreign country, or parties residing in a plurality of districts not embraced within the same state, to obtain jurisdiction in the Supreme Court of the District of Columbia; but it does not, expressly or by implication, restrict a plaintiff, who proceeds under section 4915, from instituting his action in a District Court in which the necessary parties defendant reside.

In the pending cause, the plaintiff, a Delaware corporation, filed its bill in equity in this court, for the defendant is a resident of this district. It may be noted that section 4915 states that the bill may be filed in a "court having cognizance thereof." On notice to adverse parties, such court may adjudge that the applicant or claimant is entitled to receive the patent. Section 72a of title 35 does not state that the Supreme Court of the District of Columbia is the only court which would have "cognizance" thereof.

The Amendment of March 3, 1927 (title 35, U. S. C. § 72a), obviously was designed to enable a plaintiff to avoid the limitations of section 112, title 28, USCA, for that section provided: "No civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant" (except, of course, where the jurisdiction is founded only on diversity of citizenship).

This court, therefore, has jurisdiction of both the subject-matter of the litigation and of the person of the defendant.

Another question, however, is presented which is also fundamental. Is White the only necessary and indispensable party to the action?

White was the only successful party in the interferences. The plaintiff argues that the mere presence of other unsuccessful parties in the interference proceedings does not make such other parties indispensable or necessary in an action against White. Certainly they do not hold the res, if the award of the contested claims be regarded as the res. Armstrong et al. v. Langmuir et al. (C. C. A.) 6 F.(2d) 369. But they have the same rights under section 4915 as has the plaintiff.

The question narrows itself to this: Do the rights accruing to Daley and Roberts under section 4915, to bring suit similar to the cause instituted by plaintiff, make them adverse parties within the meaning of the section? If this court has jurisdiction of the present suit, it likewise would have jurisdiction in suits which might be brought by Daley and Roberts against White. Conceivably, if the three causes, instead of one, were tried, it would be possible to reach the ridiculous conclusion that Trube was earlier than White, and, therefore, was entitled to the patent; that Daley was prior to White, and that he was entitled to a patent; and, thirdly, that Roberts was prior to White, and that he was entitled to a patent. Thus this court would be certifying to the Commissioner of Patents in effect, if such procedure were followed, that each of the unsuccessful parties was entitled to a patent as against White. The result is a legal absurdity.

Hence it must be concluded that so long as Daley and Roberts have the right afforded by section 4915, they are adverse parties within the meaning of the law. Cleveland Trust Co. v. Nelson (D. C.) 51 F.(2d) 276. Of course, this court should not entertain jurisdiction in the absence of such indispensable parties. Ettenberg v. Blair (D. C.) 36 F.(2d) 989.

The motion to dismiss must, therefore, be granted, with leave, however, to the plaintiff to file within twenty days an amended complaint to include Roberts and Daley as adverse parties.

Since the writing of the foregoing opinion, I have been informed by counsel that Roberts, one of the four parties in Interference No. 56,065, has appealed to the Court of Customs and Patent Appeals from the de-

cision of the Board of Appeals of the Patent Office. This indicates a further complexity that would arise if the present suit were sought to be adjudicated without making all of the parties to the interferences, parties to this cause.