### PITMAN et al. v. COE, Com'r of Patents.
### No. 5890.

Court of Appeals of the District of Columbia.
Argued Nov. 10, 1933.
Decided Dec. 11, 1933.

Sol Shappirio, of Washington, D. C., for appellants.

T. A. Hostetler, Sol. U. S. Patent Office, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and GRONER, Associate Justices.

MARTIN, Chief Justice.

This appeal is taken from a decision of the Supreme Court of the District of Columbia dismissing appellants' bill of complaint upon motion filed by appellee.

The controversy originated in an application for a patent filed by one of the appellants in the Patent Office, which was refused by the Commissioner of Patents.

The case was brought into the lower court by bill in equity filed by the applicants under the provisions of section 4915 Rev. St., as amended by Act March 2, 1929 (35 USCA § 63), which reads in part as follows: "Whenever a patent on application is refused by the Commissioner of Patents, the applicant, unless appeal has been taken from the decision of the Board of Appeals to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided, in which case no action may be brought under this section, may have remedy by bill in equity, if filed within six months after such refusal; and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear. And such adjudication, if it be in favor of the right of the applicant, shall authorize the Commissioner to issue such patent on the applicant filing in the Patent Office a copy of the adjudication and otherwise complying with the requirements of law. * * *"

It is alleged in the bill filed in the lower court in the present case that on February 23, 1924, Arthur L. Pitman, one of the plaintiffs, was the inventor of certain new and useful improvements in treating nitrocellulose and coating compositions therefrom, and that on that day he filed an application in the Patent Office for letters patent for the invention; that the application fully complied with the statutes and rules of practice governing such cases; that the applicant duly assigned and transferred to the Ellis-Foster Company the entire right to the application and the invention covered thereby; that the application contained claims 1 and 2, and that these were formally allowed by the examiner; that the applicant, however, failed to pay the final fee, and the application became forfeited; that the applicant then renewed the application and by amendment inserted additional claims numbered 5 to 11; that the examiner thereupon required division between claims 1, 2, 5, and 6, and claims 7, 8, 9, 10, and 11, and required an election by applicant of one of these two groups of claims; that thereupon on December 2, 1930, the applicant duly made an election of claims 7 to 11 for prosecution in the application; that the examiner finally and for a second time rejected claims 7 to 11 as being directed to a different invention from the invention or discovery for which the patent was ordered to issue in the original prosecution of the case; that theretofore on June 2, 1930, the plaintiffs duly appealed to the Board of Appeals, and on February 1, 1932, the Board rendered a judgment affirming the decision of the examiner requiring division of the claims, and also affirming the decision of the examiner requiring cancellation of claims 7 to 11, as directed to independent and divisible subject-matter from the claims prosecuted in the original case, and a patent for the invention as specified in those claims was thereupon refused to the applicant, and the Commissioner of Patents has since refused and still refuses to grant letters patent for the invention specified in claims 7 to 11 of the application. The plaintiffs claimed that the examiner, the Board of Appeals, and the Commissioner of Patents, acted erroneously and contrary to law and the evidence in rejecting the aforesaid claims of their application, and they prayed that the court adjudge them entitled to receive a patent for the invention as specified in such claims, and that the Commissioner of Patents be directed to allow the claims and for other and further relief in the premises.

Thereupon the defendant, the Commissioner of Patents, filed a motion in the lower court to dismiss the plaintiffs' bill on the ground that the court had no jurisdiction to entertain the suit, for the reason that the controversy involved is one of division between claims 1, 2, 5, and 6, as being for one invention, and claims 7 to 11 as being for a separate invention; that no action on the merits of claims 5 to 11 had been taken by any tribunal of the Patent Office on the question of patentability; that the question raised by the record therefore was merely interlocutory, since no decision on the merits of claims 5 to 11 had been given which could be reviewed by the court, and no decree that might be issued in the case could properly authorize the Commissioner to issue a patent without further proceedings in the Patent Office.

The lower court sustained the defendant's motion to dismiss, and the present appeal was then taken.

We think this ruling was erroneous.

The allegations of the bill bring the case literally within the provisions of section 4915, Rev. St., supra. In this case a patent on application was refused by the Commissioner of Patents, and the applicants as plaintiffs sought a review of such ruling by a bill in equity, filed within six months after such refusal, and the court was authorized to adjudge that the applicants were entitled according to law to receive a patent for the invention as specified in their claim, or for any part thereof, as the facts in the case may appear. The provisions of the bill are general and do not restrict the review by the courts to refusals based upon any particular or specific ground. A refusal of an application because of such grounds as appear in the present case comes within the terms of the statute and may be reviewed.

It has long been provided by statute that every applicant for a patent whose application has been finally rejected in the Patent Office may have either one of two alternative remedies: First, he may appeal under section 4911, Rev. St., as amended March 2, 1929 (35 USCA § 59a), to the United States Court of Customs and Patent Appeals (formerly, to the Court of Appeals of the District of Columbia), or, second, he may file the bill in equity permitted by section 4915, Rev. St., supra. He cannot prosecute both remedies. These two remedies lie to different courts. They differ in procedure, the one is an appeal upon the record of the Patent Office, and the other is an original suit in a court of equity. The latter proceeding calls for a trial de novo with all the customary power of an equity court to hear the evidence fully and to make its own findings. Although these two methods of procedure are alternatives, they are nevertheless analogous and are designed to secure essentially the same legal remedy.

It has been definitely decided, and it does not seem to be disputed in this case, that an appeal to the appellate court may be taken from a refusal of a patent which is based upon an order of division in the Patent Office. Steinmetz v. Allen, 192 U. S. 543, 556, 24 S. Ct. 416, 48 L. Ed. 555; In re Frasch, 27 App. D. C. 25, 26; In re Wellman (Cust. & Pat. App.) 48 F.(2d) 926. We can see no reason for holding that such a remedy is confined to a review by the appellate court of the decisions of the Patent Office, and is denied in proceedings brought by the applicant for review in a court of equity. It is true that. the remedies are diverse; nevertheless the substantive rights of the applicants, which are the basis alike of the appeal and bill in equity, are identical. There is no reason to believe that Congress intended that any remedy which might be obtained by appeal should be more extensive or complete than that allowed by bill in equity. It follows that a refusal to grant a patent based upon a controversy arising from an order of division is reviewable by either proceeding. The difference between the two is a difference of procedure rather than a difference of interest. In this view of the case we think that the lower court possessed jurisdiction to hear and decide the question notwithstanding that the refusal of the patent was based upon an order of division of claims made in the Patent Office.

The decree of the lower court is accordingly reversed, and the cause is remanded for further proceedings not inconsistent herewith.