## HAZELTINE CORPORATION v. WHITE et al.

### No. 78.

Circuit Court of Appeals, Second Circuit.

Jan. 8, 1934.

Pennie, Davis, Marvin & Edmonds, of New York City (Willis H. Taylor, Jr., and Curt Von Boetticher, Jr., both of New York City, of counsel), for plaintiff-appellant.

Lawrence K. Sager, of New York City, for Sidney Y. White, appearing specially.

Charles Neave and Stephen H. Philbin, both of New York City, for Radio Corporation of America, appearing specially.

Frank P. Walsh, of New York City, and John F. Cusick, of Boston, Mass., for Research Products Corporation, appearing specially.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

This suit was brought originally under the provisions of section 4915, Rev. St. (35 USCA § 63), against the defendant Sidney Y. White alone. White moved to dismiss for want of jurisdiction. The motion was granted with leave to amend by adding as adverse parties the two additional defendants. The bill was so amended and an order of notice was sent them by registered mail. Thereupon each of the three defendants appeared specially and moved to dismiss. The motion of White was to dismiss the suit generally on the ground that the other two defendants were indispensable parties not within the jurisdiction and subject to process; while the two defendants not served moved merely to dismiss the suit as to them. An attempted service of a subpœna upon the Radio Corporation of America was set aside as invalid. There was no opposition to such action and no error is claimed in regard to that.

The plaintiff is a Delaware corporation with an office and place of business in New

Jersey and owns in its entirety an application of Carl E. Trube for letters patent of the United States filed April 14, 1926, Serial No. 101,906, for a compound coupling system.

The defendant White is a citizen of the United States residing in the Eastern District of New York and the sole owner of an application for letters patent of the United States filed August 8, 1925, Serial No. 48,936, for methods of and apparatus for transferring electrical energy.

The defendant Radio Corporation of America is a Delaware corporation having an office and place of business in the Southern District of New York. It is the sole owner of the application of Walter Van B. Roberts for letters patent of the United States, filed September 2, 1926, Serial No. 133,283, for coupling arrangements for amplifiers and repeaters.

The defendant Research Products Corporation is a Massachusetts corporation with an office and place of business in that state and is the sole owner of the application of Joseph J. Daley, for United States letters patent, filed October 24, 1927, Serial No. 228,249, for means and processes for the amplification of radiant energy.

The Commissioner of Patents declared an interference, involving all of these applications, designated in the Patent Office by counts Nos. 56064 and 56065. After proceedings had in due course, the Examiner of Interferences awarded priority in No. 56064 to Carl E. Trube and in No. 56065 to defendant White. Thereupon appeals were taken on behalf of each of the claimed inventors to the Board of Appeals of the Patent Office. After hearing, the Board of Appeals reversed the decision of the Examiner of Interferences in No. 56064 and awarded priority of invention therein to defendant White. The award of priority to White in No. 56065 was affirmed. No patent has been issued to White on his above-mentioned application.

The foregoing reveals the situation which existed when this suit was brought. The questions presented are: (1) Whether there is jurisdiction of the person of the corporate defendants; (2) whether the corporate defendants are indispensable parties; and (3) whether this suit is a proceeding in rem.

■■ 1. Assuming for the moment that suits under section 4915, Rev. St. (35 USCA § 63), are in personam, they must be brought in the district the defendant inhabits, if they are brought in a District Court, as required by section 51 of the Judicial Code (28 USCA §

112). Butterworth v. Hill, 114 U. S. 128, 5 S. Ct. 796, 29 L. Ed. 119; Hammer v. Robertson (C. C. A.) 6 F.(2d) 460; Armstrong v. Langmuir (C. C. A.) 6 F.(2d) 369; Armstrong v. DeForest (C. C. A.) 13 F.(2d) 438. The corporate defendants, being inhabitants respectively of the states in which they were incorporated, In re Keasbey & Mattison Co., 160 U. S. 221, 229, 16 S. Ct. 273, 40 L. Ed. 402; Macon Grocery Co. v. Atlantic Coast Line, 215 U. S. 501, 509, 30 S. Ct. 184, 54 L. Ed. 300; Seaboard Co. v. Chicago, etc., Ry. Co., 270 U. S. 363, 366, 46 S. Ct. 247, 70 L. Ed. 633, are not residents of the Eastern District of New York. Since this suit has been brought contrary to the venue provision of section 51 of the Judicial Code (28 USCA § 112), as applied to each of the corporate defendants each of them was entitled to have the suit dismissed for want of jurisdiction of the person. Seaboard Co. v. Chicago, etc., Ry. Co., supra.

■ 2. Each of these two corporations was the owner by assignment of an application under which it claimed the right to priority awarded White. Each is still claiming to be entitled to such an award and has a suit pending in the Supreme Court for the District of Columbia (35 USCA § 72a) to determine its rights. That each is an adverse party not a resident of the district in which the instant suit was brought is obvious. Only one of these four applications can be that of the first inventor; and the decisive ultimate question is, not who is first among them or which is entitled to priority as between the application owned by the Hazeltine Corporation and that of White, but who, if any of them, is the first inventor of the subject-matter. A proceeding under section 4915, Rev. St. (35 USCA § 63), is not an appeal from a prior decision but a new and independent action to obtain a patent. Armstrong v. DeForest, supra (C. C. A.) at page 440 of 13 F.(2d). Regularity of procedure under this statute requires notice to adverse parties when there are any or, if there are no opposing parties, service upon the Commissioner of Patents. In this way adverse parties are given an opportunity to waive their rights as to venue if they do not inhabit the district in which the suit is brought and appear generally if they so desire. Any decree which authorized the issuance of the patent to one party to the suit would to the same extent deny the right of adverse parties to the patent, whether they were present or absent. The only difference would be in the effect to be given the decree as applied to absent adverse parties. The in-

terests of all of the owners of applications for a patent are inseparable from the right to the patent itself and so inseparable from each other. No one is ever to be granted a patent simply by showing that another is not entitled to it. The basis of the grant is the statutory proof of a right, as against all the world, to a monopoly created by statute. Before the patent is issued no one has that monopoly. The appellant cannot obtain it in this suit from White. All it could do, at most, would be to preclude White from ever obtaining it from the government. Only in the sense that a decree in this suit would be futile to establish the right of any one to a patent, on the assumption that the Commissioner would not be authorized to issue it, can it be said that a decree can be made which does not affect the interests of the absent adverse parties, the Radio Corporation and the Research Products Corporation. A decree which did authorize the Commissioner to issue the patent would ignore the right of the absent adverse parties to be heard, and leave the controversy in such a condition that its final determination might be contrary to fundamental principles of equity and good conscience. The two corporate defendants are, therefore, indispensable parties. Shields et al. v. Barrow, 17 How. 130, 15 L. Ed. 158. So much was assumed in Armstrong v. Langmuir, supra, and in Armstrong v. DeForest, supra. It follows from Minnesota v. Northern Securities Co., 184 U. S. 199, 236, 22 S. Ct. 308, 322, 46 L. Ed. 499, and from Mallow v. Hinde, 12 Wheat. 198, 6 L. Ed. 600, where it is made clear that the reason a court of equity will not entertain the bill in the absence of an indispensable party does not rest on lack of jurisdiction but "on the ground that no court can adjudicate directly upon a person's right, without the party being either actually or constructively before the court." Neither section 50, Jud. Code (28 USCA § 111), nor rule 47 of the Equity Rules (28 USCA § 723), enables the court to hear and determine the cause in the absence of an indispensable party. Waterman v. Canal-Louisiana Bank Co., 215 U. S. 33, 48–49, 30 S. Ct. 10, 54 L. Ed. 80; Ettenberg v. Blair (D. C.) 36 F.(2d) 989. So if this action is one in personam the bill was properly dismissed.

3. The appellant, as pointing the way to a solution of its difficulty, has seized upon the suggestion made in Armstrong v. Langmuir, supra, that an action under section 4915, Rev. St. (35 USCA § 63), may, perhaps, be treated as an action in rem. What was said there was avowedly only by way of reserving the point, and later in Armstrong v. DeForest, supra, a majority of the court reached the conclusion, not that there was any res within the jurisdiction, but that if there were any res at all it was the set of patent claims owned by a Delaware corporation and therefore not within the Southern District of New York. That the appellant's position is not without ground for support, however, will be seen from the dissenting opinion in the case last mentioned. The difficulty which formerly prevailed, because indispensable parties might be beyond the reach of process issuing out of any court in which the action could be brought and might be unwilling to appear voluntarily, has been obviated by the passage in 1927 of Act March 3, 1927, 44 Stat. 1394 (35 USCA § 72a), under which suits are now pending between these parties in the Supreme Court of the District of Columbia. So far as the question may be decided now, this court went in Armstrong v. DeForest, supra. As there has been no patent issued to White on his application, he owns no patent claims to constitute a res in the Eastern District of New York. His ownership of his application carries the status of a res no farther than did Armstrong's claim to be the first inventor in Armstrong v. DeForest, supra, and there held to be less than enough to call a res. Whether patent claims are a res which will give to a suit in equity under section 4915, Rev. St., such attributes of an action in rem, in spite of the general principle that equity acts in personam, that notice to adverse parties as provided in that section will enable the court to adjudicate, on notice, the rights of those whose interest will be affected and who do not appear, must await for decision a cause in which the facts make that an issue.

Orders affirmed.