MINNESOTA MINING & MANUFACTUR-
ING CO. v. COE, Com'r of Patents.

Nos. 8453, 8454.

United States Court of Appeals
District of Columbia.

Argued Jan. 21, 1944.

Decided July 10, 1944.

Writ of Certiorari Denied Jan. 15, 1945.
See 65 S.Ct. 554.

Mr. Harold J. Kinney, of St. Paul, Minn., with whom Mr. Charles S. Grindle, of Washington, D. C., was on the brief, for appellant.

Mr. E. L. Reynolds, of Washington, D. C., with whom Mr. W. W. Cochran, Solicitor, United States Patent Office, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

Plaintiff is the assignee of one Jewett who filed an application for a patent in 1933. The discovery involved is the process of obtaining a colored coating on granules, at comparatively low temperature, which will not form efflorescent salt under adverse weather conditions and thus wash away or discolor. The product is principally useful as a roofing material.

This is a suit under Section 4915, R.S., 35 U.S.C.A. § 63, to compel the allowance of a large number of claims, all of them intended to enlarge the scope of a patent approved in 1939 by the District Court of the United States for the District of Columbia in a decision, 28 F.Supp. 80, reversing the administrative finding of the Patent Office in connection with the original application. Two appeals are consolidated here. One presents claims which were made as amendments to the original application after the District Court decision. The other appeal involves claims made in an application which is a continuation in part of the original application. In substance, however, the claims in both cases on appeal seek to enlarge the scope of a patent on a single discovery beyond what was allowed by the former decision of the District Court.[1]

In that decision the District Court directed the issuance of a patent to plain-

---

[1] A few of the claims are copied from other applications which were filed later than the original application in this case.

It is not clear that the doctrine of Hoover Co. v. Coe, —— U.S.App.D.C. ——, 144 F. 2d 514, applies to these claims because it

tiff on the process of heating together three substances, sodium silicate, pigment and clay, in order to make a weather-resisting colored coating on granules which would not bloom by forming efflorescent salt. This formula patent covered all three substances used together. Plaintiff now seeks to enlarge its scope by obtaining a patent on the use of clay, and certain other substances, as specific elements to prevent blooming. The situation is the familiar one where an applicant seeks a patent right on a general formula and in addition a patent right on each ingredient in the formula. The effect of various permutations and combinations possible in formulae patents can seldom be decided without a specific inquiry into the facts of a particular industry. Here we have no information as to the effect on the building trades of giving the plaintiff separate patent rights on the use of particular ingredients in addition to its general patent right on the use of all of them together.[2]

Appellant complains of unfair treatment by the Patent Office because of the following circumstances: It appears that after plaintiff filed his original application several others filed applications for patents on similar discoveries. When plaintiff's claims were refused he brought suit under Section 4915, R.S. Before the court acted in that suit the Patent Office granted claims to one of the subsequent applicants, Veazey, which were so broad as to dominate the patent which the District Court decision gave the plaintiff. Plaintiff asserts that since the claims were granted to Veazey under these circumstances they must also be granted to him in order to prevent him from being sued for infringement of an invention which the record shows he originally made.

■■■ The Patent Office replies that if a mistake has been made in granting the claim to Veazey the situation will not be improved by a second mistake of allowing the same claim to plaintiff. This contention is sound. In the administration of the patent law it often happens that some applicants are allowed patents which have too broad a scope because of erroneous judgment on the part of the patent examiners. It is, nevertheless, the duty of the Patent Office when the same question arises in connection with another patent not to repeat the same mistake merely to put a second party in the same unjustified position as the person to whom the first claim was erroneously granted. The Patent Office cannot revoke a patent once issued. It can, however, prevent a former erroneous ruling from having unnecessary weight by a subsequent ruling denying the same kind of a claim to another party on a similar discovery. This appears to be what happened here.

Affirmed.

---

may be that if they were held to be patentable the record contains enough evidence to show that the plaintiff was prior in time without the necessity of further interference proceedings. It is unnecessary to decide this question because the appeal involves a number of similar claims which were not copied.

[2] Monsanto Chemical Co. v. Coe., —— U. S.App.D.C. ——, 145 F.2d 18.