**MINNESOTA MINING AND MANUFAC-TURING COMPANY, a corporation of Delaware and Philip V. Palmquist, a resident of the State of Minnesota, Plaintiffs,**

v.

**CHAVANNES INDUSTRIAL SYNTHET-ICS, Inc., a corporation of Delaware, Marc A. Chavannes, a resident of the State of New York and Plastic Film Corporation, a corporation of Delaware, Defendants.**

Civ. No. 1662.

United States District Court,
D. Delaware.

Feb. 9, 1955.

Thomas Cooch (of Connolly, Cooch & Bove), Wilmington, Del., for plaintiffs.

David F. Anderson (of Berl, Potter & Anderson), Wilmington, Del., and John J. Rogan and Charles A. Morton, New York City, for defendants.

RODNEY, District Judge.

This is a motion to dismiss the complaint because, as it is contended, the allegations of complaint show this Court to be without jurisdiction.

The proceeding is brought pursuant to 35 U.S.C. § 146.[1] The complaint, insofar as here material, alleges that Philip V. Palmquist, the individual plaintiff, filed an application No. 545,520 for a patent in the Patent Office; that such application was fully assigned to the plaintiff. The complaint also alleges that an application for a patent No. 175,936 was duly filed by the individual defendant Marc A. Chavannes, and that such application was duly assigned to Chavannes Industrial Synthetics, Inc. upon the records of the Patent Office.

In the Patent Office, an interference was declared upon certain claims of the application of Palmquist (assigned, as stated, to Minnesota Mining and Manufacturing Company) and certain claims of the application of Chavannes (assigned, as stated, to Chavannes Industrial Synthetics, Inc.).

The complaint alleges that such interference was determined in favor of the application of Chavannes (assignor of Chavannes, Inc.) and a patent No. 2,527,398 issued to Chavannes, Inc. pursuant to the assignment. It is also alleged on information and belief that Plastic Film Corporation is an exclusive licensee under said issued patent.

The complaint alleges that the corporate plaintiff, Minnesota, is a corporation of the State of Delaware and the individual plaintiff is a resident of Minnesota. It is alleged that both corporate defendants, Chavannes, Inc. and Plastic Film Corporation, are corporations of the State of Delaware and that the individual defendant, Marc A. Chavannes is a resident of New York. Chavannes, Inc. and Plastic Film have both been served with process, but Marc A. Chavannes, a citizen of New York, has not been served with process and has not appeared in the action.

Under these circumstances, Chavannes, Inc. and Plastic Film Corporation, appearing specially, have moved to dismiss the action upon two grounds.

1. Formerly known as a "4915" proceeding.

(1) To dismiss the action because the complaint shows that the defendant Marc A. Chavannes is a citizen and resident of New York, residing in a different district from the district of residence of the remaining defendants; and

(2) Dismiss the action for the reason that the Court lacks jurisdiction because the complaint shows that certain of the defendants are residents of different districts not embraced within the same state and that jurisdiction in such cases is vested by 35 U.S.C. § 146 in the District Court for the District of Columbia.

■ 1. The parties have assumed, and therefore I assume, that the action is in personam. The parties have assumed, and therefore I assume, that the question of jurisdiction is to be determined from the well pleaded allegations of the complaint. The allegations of the complaint and not any prayer of the party will determine the nature and extent of the relief to be accorded.[2]

From the allegations of the complaint and consideration of the Statute, it would seem that the first and most important question to be determined is the nature or character of the interest of Marc A. Chavannes, named as a party but who has not appeared or been served with process. The Statute[3] provides "Such suit may be instituted against the party in interest as shown by the records of the Patent Office at the time of the decision complained of". The Statute, it will be seen, not only provides that the suit may be instituted against "the party in interest" but expressly states where and when that interest should appear, viz., " * * * as shown by the records of the Patent Office at the time of the decision complained of".

■ A "party in interest", as mentioned in the Statute, must be assumed to be a party whose interest is of such a nature that it would be improper or impossible to adjudicate the matter without his presence, viz., an indispensable party.

The question then remains—is Chavannes an indispensable party? The complaint shows that he was a claimed first inventor who filed an application for a patent. The complaint shows that on the same day that his application was filed an assignment was made by Marc A. Chavannes to Chavannes Industrial Synthetics, Inc. and that no subsequent instrument of writing has been recorded as affecting said title. This assignment I must assume was of full and complete nature. The complaint then shows that, pursuant to stated interference proceedings, a patent was duly issued on said application to Chavannes Industrial Synthetics, Inc., the assignee as aforesaid.

■ The question then is—where applicant for a patent has made a full assignment of the application to another and to which assignee a patent has issued, is such applicant and assignor an indispensable party to the statutory proceeding under 35 U.S.C. § 146? The answer in this Third Circuit is clear. In United States v. Washington Institute of Technology, 3 Cir., 138 F.2d 25, 26, it is said "Where the applicant for a patent has parted with all of his interest therein he is not an indispensable party in a subsequent § 4915 proceeding,[4] though he is a proper one." See also John B. Pierce Foundation v. Penberthy Injector Co., D.C.Del., 22 F.Supp. 239.

That an applicant who has made full assignment of his application while not an indispensable party may be a proper party is also held in other cases. See Armstrong v. Langmuir, 2 Cir., 6 F.2d 369, 371 and Friedmann v. Krenkel, D.C. E.D.Pa., 37 U.S.P.Q. 452.

In Garfield v. Western Electric Co., Inc., 2 Cir., 298 F. 659, Learned Hand, when on the District Court, held that an inventor and applicant for a patent who had made a full assignment had, at

---

2. Schoonover v. Schoonover, 10 Cir., 172 F.2d 526, 530.

3. 35 U.S.C. § 146.

4. Now taken under 35 U.S.C. § 146.

best, an "honorific" interest but not such an interest as the Statute contemplated.

The first ground for dismissing the complaint must be denied.

 2. It is also contended that the complaint should be dismissed because the complaint shows that certain of the defendants are citizens and residents of different districts not embraced within the same state and that in such cases jurisdiction is vested by the Statute, 35 U.S.C. § 146, in the District Court of the District of Columbia.

Prior to 1927, where, in "4915 proceedings" multiple defendants having interests making them indispensable parties, resided in different districts and could not be served with process, an impasse resulted.[5] This was obviated by the Act of Mar. 3, 1927[6] now embraced in the concluding portion of 35 U.S.C. § 146. Under this statute and in the given circumstances the District Court of the District of Columbia is given jurisdiction. This statute was expressly considered in Hazeltine Corporation v. White, D.C., 2 F.Supp. 94, 95, affirmed, 2 Cir., 68 F.2d 715. The Court held that the jurisdiction given by the amendment to the District Court of the District of Columbia was not of an exclusive nature holding the statute " * * * does not, expressly or by implication, restrict a plaintiff, who proceeds under section 4915,[7] from instituting his action in a District Court in which the necessary parties defendant reside."

It has been herein found that Marc A. Chavannes, while a proper party, is not an indispensable party. The only indispensable parties, without whom this Court could not proceed, appear to be residents of and have been served with process in this District and the motion to dismiss must be denied.

An appropriate order may be submitted.

---

5. Armstrong v. Langmuir, 2 Cir., 6 F.2d 369; Armstrong v. DeForest, 2 Cir., 13 F.2d 438.

