**RADIO CORPORATION OF AMERICA and United States of America, Plaintiffs,**

**v.**

**INTERNATIONAL STANDARD ELECTRIC CORPORATION, Defendant.**

**Civ. A. No. 1572.**

United States District Court
D. Delaware.

Sept. 9, 1955.

William H. Foulk, Wilmington, Del., Stephen H. Philbin and John Farley, New York City, and Floyd M. Harris, Princeton, N. J., for plaintiff Radio Corp. of America.

Newton White, Jr., Asst. U. S. Atty., Wilmington, Del., for plaintiff United States of America.

William S. Potter (of Berl, Potter & Anderson), Wilmington, Del., Paul Kol-

isch, Edward D. Phinney, C. Cornell Remsen, Jr., New York City, Ralph B. Stewart, Washington, D. C., for defendant.

RODNEY, District Judge.

In this case findings of fact and conclusions of law have been separately filed. There remain, however, two questions to be considered in connection with the findings and conclusions and which are, to some extent, separate therefrom. The questions are:

(1) The jurisdiction of the Court, and

(2) The quantum of proof required to overturn a finding of the Board of Patent Interferences in a proceeding under 35 U.S.C. § 146.[1]

1. The questioning of the jurisdiction of the Court arises from these facts. After an adverse decision of the Board of Patent Interferences, the present plaintiff (Radio Corporation of America) brought the present suit within sixty days, and on November 18, 1953. It happened, however, that the patent application in question had been assigned to the United States on February 15, 1939 and had not been reassigned, and the United States was not joined in the action as a party until November 24, 1954, over a year after the commencement of this suit.

██ Since the sixty day limitation set out in 35 U.S.C. § 146 is, in this Court, regarded as jurisdictional,[2] it follows that if the United States, as assignee, was the indispensable real party in interest at the time this suit was commenced, then this Court was and is without jurisdiction and the suit must be dismissed. From Paper Container Mfg. Co. v. Dixie Cup Co., 3 Cir., 170 F.2d 333, it seems clear that notwithstanding an assignment of a patent application if the assignor remains the real party in interest, he may maintain statutory proceed-

---

1. Generally called "a § 4915 proceeding".

2. Shell Development Co. v. Universal Oil Products Co., D.C., 63 F.Supp. 476.

This case was affirmed although the Circuit Court was not certain of the jurisdictional feature.

ings, 35 U.S.C. § 146. It is equally clear from the language of the assignment to the Government that it was solely made for security reasons, to maintain the secrecy of the invention in furtherance of the war effort.[3]

The language of the assignment designates R.C.A. as the "owner" of the application and not only does not contemplate a complete divestiture of the rights of R.C.A. in the application but upon the contrary expressly provides for the vesting of those rights in R.C.A., as set out in the footnote.[4]

While it is true that the reversion of the rights of R.C.A. is only expressly mentioned in connection with a subsequent grant of a patent and does not expressly cover the reversion to an unsuccessful party to an interference proceeding, yet the nature of the proceedings explained, if need be, by the subsequent reassignment from the Government sufficiently discloses the interest of R.C.A. Regardless of the legal nature of the interest thus obtained by the government, the assignment of the patent application, in return of $1, for the sole purpose of war time security, does not divest R.C.A. of its interest and rights in the application. Under the present facts, R.C.A. retained its character as the real party in interest and is an indispensable party to final adjudication of rights under the application. The suit was properly brought by R.C.A. and this Court has jurisdiction.

■ 2. The question is raised as to the burden of proof that plaintiff, R.C.A., must meet in this case. R.C.A. has introduced the records of prior proceedings in the Patent Office, and has, in addition offered evidence which is "new" in this Court. Since the trial is de novo in the District Court, this was proper.[5]

■ The defendant contends that R.C.A. must introduce evidence in the District Court that carries "thorough conviction" that the Patent Board erred and relies on Morgan v. Daniels, 153 U.S. 120, 14 S.Ct. 772, 38 L.Ed. 657, and Minnesota Mining & Manufacturing Co. v. Carborundum Co., 3 Cir., 155 F.2d 746.

In the Morgan case, Justice Brewer wrote:

"Upon principle and authority, * * * it must be laid down as a rule that, where the question decided in the patent office is one between contesting parties as to priority of invention, the decision there made must be accepted as controlling upon that question of fact in any subsequent suit between the same parties, unless the contrary is established by testimony which in character and amount carries thorough conviction. * * *" 153 U.S. 120, 125, 14 S.Ct. 772, 773.

The plaintiff would apparently construe this statement as nothing more than a requirement that the Court be convinced thoroughly by a preponderance of the evidence. The Morgan case does not admit of such construction, and the Minnesota Mining case is directly opposed. In the latter case and in considering the applicability of the rule of the Morgan case, the Court said:

"The question therefore is whether all competent evidence, 'new' and 'old', offered to the District Court carries 'thorough conviction' that the Patent Office erred." 155 F.2d 746, 748.

The Court explained the "thorough conviction" rule as follows:

"The trial in a District Court is a trial de novo. But the decision of the Patent Office may not be revers-

3. "The government deems it essential to maintain the subject matter of said application in secrecy under U.S.Code Title 35 Sec. 37 [now 35 U.S.C. §§ 133, 267] as affecting the armament or defense of the United States."

4. "Upon subsequent notice of allowance of

said application * * * the certain right, title or interest in and to the said application * * * and such patents as may be issued thereon will thereupon revert to the owner absolutely."

5. Harper v. Zimmerman, D.C., 41 F.2d 261.

ed unless the evidence before the court carries thorough conviction that the Patent Office erred.' In other words, a District Court may not reverse the decision of the Patent Office on a mere preponderance of the evidence. More is required. The District Court must find that the decision of the Patent Office was without substantial basis in the evidence or was wrong, as a matter of law. * * * " 155 F.2d 746, 749.

These cases are conclusive that R.C. A. must bear the burden of proving, not by a "fair preponderance of the evidence", but to a "thorough conviction", that the Patent Office erred in determining that Gloess was the prior inventor.

While the exact meaning and effect of the expression "thorough conviction" does not seem to have been specifically discussed, yet there does not seem to be a great difference between "thorough conviction" and the state of being "thoroughly satisfied" as discussed by the Supreme Court of Pennsylvania. In Bradwell v. Pittsburgh & W. E. R. Co., 139 Pa. 404, 20 A. 1046, 1047, the lower court in discussing contributory negligence of the plaintiff stated that the jury must be "thoroughly satisfied" that the accident did not occur in consequence of the carelessness of the plaintiff. The Supreme Court of Pennsylvania reversed and said "By the expression 'thoroughly satisfied,' the jury would doubtless understand the court to mean that it was not only necessary for them to believe the weight of the evidence, on the subject of contributory negligence, was in plaintiff's favor, but that their belief must be so strong as to exclude every reasonable doubt that plaintiff's carelessness in driving did not contribute to his injury."

To overturn a finding of Board of Patent Interferences the evidence new and old must carry "thorough conviction" and such effect may not be had upon a preponderance of the evidence.

From the findings of fact and conclusions of law, separately filed, the con-clusion is adopted that the evidence, old and new, does not carry a thorough conviction that the Board of Patent Interferences' examiner was in error in awarding the patent to the present defendant. The present complaint must be dismissed, and an appropriate order may be submitted.