**ADAMS and Wakefield, Appellants,**

v.

**WOLINSKI, Appellee**
**Special Patent Appeal No. 95.**

United States Court of Customs and Patent Appeals.

Jan. 3, 1961.

**134**

Harry H. Levin, Chicago, Ill., Paul A. Rose, Washington, D. C., Curtis, Morris & Safford, Truman S. Safford, New York City, for Adams and Wakefield.

Edward B. Beale, Washington, D. C., and A. Newton Huff, Wilmington, Del., for Wolinski.

Cushman, Darby & Cushman, Richard G. ·Kline, Washington, D. C., for Moving Party Keller et al.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges.

RICH, Judge.

The above entitled appeal arose out of a three-party interference, No. 87,508, which was entitled in the Patent Office, Keller, Garvin and McMillan v. Wolinski v. Adams and Wakefield.[1] Priority was awarded to Wolinski by the Board of Patent Interferences on July 25, 1960.[2] September 20 Adams and Wakefield appealed to this court. Keller et al. did nothing until October 10 when they filed in the Patent Office their "Election Under 35 USC 141," saying that they elected "to have all further proceedings conducted as provided in 35 USC 146." It will be observed that this notice was filed more than the 60 days after the board's decision allowed for taking an appeal, but within the 20 days after the taking of the appeal to this court by Adams et al., the latter period being that specified in 35 U.S.C. § 141.

█ In a two-party interference when the winner in the Patent Office, who is in the position of appellee in an appeal to this court by the loser, elects to go to a District Court under 35 U.S.C. §§ 141, 146, this court dismisses the appeal as a matter of course upon being advised of the filing of the notice of election. Had Wolinski, the winner in this case, elected to go to the District Court, we should no doubt have dismissed. Wolinski, however, made no such election and expressly desires that the review of the decision of priority in his favor shall be by this court.

Keller et al., who, like Adams et al., could have appealed to this court within 60 days of the board decision, did not do so. By the provisions of the statute and Patent Office rule their right to review by appeal was therefore lost. Within the

---

1. The board's opinion discusses and rules on efforts by Keller et al. to convert their application into a sole application by Garvin as to the interference count. Such conversion was approved but formal conversion was deferred until after termination of the interference. The board treated Garvin as the sole inventor.

2. In brief, the basis of the award to Wolinski was that Adams et al. did not disclose in their application the invention of the count and Keller et al. (to become Garvin as in note 1, supra) failed in their attempt to overcome Wolinski's filing date by proof of prior conception or actual reduction to practice by Garvin.

same 60 day period Keller et al. could have initiated an action in the District Court under 35 U.S.C. § 146. They did not do so. Had Adams et al. not appealed to this court, Keller et al. would therefore have had no right to a review of the award of priority against them, either by appeal or by civil action in a District Court. By their purported notice of election, however, they now seek to force the review, initiated by the other losing party, into the District Court against the combined opposition of appellant Adams et al. and appellee Wolinski, and to participate in that trial de novo.

The question now before us, taking one view of the matter, is whether the Adams et al. appeal to this court acted to extend, by the 20 days referred to in 35 U.S.C. § 141, the time within which the other losing party, Keller et al., could seek a review in the District Court. Taking another view, Adams et al. having appealed and Keller et al. having done nothing within the 60 day period, the question is whether Wolinski is the only one who can "elect," under section 141, to have all further proceedings conducted under section 146, or whether Keller et al. can now force them into the District Court against their wills.

These questions are formally raised by three complementary motions in this court. The first motion is that of Adams et al., filed November 14, 1960, asking that we refuse to dismiss their appeal to us. Wolinski, by a statement filed November 18, concurred in that request. The second motion is by Wolinski, filed December 13, asking us to strike from the files of this appeal the Keller et al. election and to adjudge Keller et al. to be without standing in this appeal. The third motion, filed December 20, is by Keller et al. asking us to dismiss the appeal of Adams et al. "pursuant to the Notice of Election filed with the Commissioner of Patents on October 10, 1960, under the provisions of Section 141 of Title 35 U.S.C." Extensive memoranda support the motions. Obviously the basic issue is whether we will dismiss the appeal to this court by Adams et al.

Keller et al. rely primarily on a literal construction of the language of 35 U.S.C. § 141 which provides for the dismissal of an appeal to this court "if *any adverse party to* such interference" (our emphasis) files a notice of election. Keller et al. say they are an "adverse party," that they timely filed a notice of election and that if we do not dismiss we are legislating "contrary to the expressed purpose, intent and language of the statute." They say that legislative history and court decisions clearly indicate the purpose of Congress to allow "any defeated applicant in an interference" to have an appeal to this court dismissed and to require his "adversary" to resort to a civil action but they refer to no history or case so indicating.

Wolinski, the winner below and appellee here, argues that the Keller et al. notice of election is "a null, void and meaningless document." He further contends that Keller et al., as a *defeated* party which took no steps within 60 days to obtain review of the decision *adverse* to it, has no standing in these subsequent proceedings. Precedents relied on include Wheeler et al. v. Kleinschmidt et al., 149 F.2d 161, 32 CCPA 975, Beall v. Ormsby, 154 F.2d 663, 33 CCPA 959, Thompson v. Dunn et al., 166 F.2d 443, 35 CCPA 957, and Island Road Bottling Co. v. Drink-Mor Beverage Co., 132 F.2d 129, 30 CCPA 708, all for the general proposition that *defeated* parties who do not appeal to this court are not parties and have no standing in this court to control its actions. The precedent principally relied on, however, is Nelson v. Berry et al., 59 F.2d 351, 352, 19 CCPA 1270.

There appears to be no prior case on all fours with this one, perhaps for the reason suggested by Wolinski that "no defeated interferant in a three-party interference has ever been known to run the risks inherent in failing to take positive action to seek review within the limit of appeal provided by law."

In Nelson v. Berry et al., the closest precedent we know of, one Jardine who had been a party along with Nelson and Berry et al. (in fact he seems to have

**136**

been the "et al.") in two of four interferences involved in the appeal, did not appeal to this court· and the court said "he cannot be regarded as a party to the appeal before us." Jardine had, however, brought suit under R.S. § 4915 in those two interferences and then attempted to move this court (seeking to that extent to be treated as a party) to stay its proceedings on appeal therein. Nelson and Berry both objected, as Adams et al. and Wolinski are objecting here, saying that Jardine had no right to move in this court because he was not a party to the appeals. Notwithstanding the fact that Jardine had filed his suits within a month of the board's decisions and before the appeals to this court were taken, it was held that Jardine could not stay the proceedings in this court. The case is distinguishable, however, because no notice of election under the then applicable statute, R.S. § 4911, the predecessor of 35 U.S.C. § 141, was filed by Jardine.

In our opinion Keller et al, cannot take advantage of 35 U.S.C. § 141 because they ceased to be a party to the interference upon the expiration of the time within which they, as a *defeated* party, could have taken an appeal or have filed a civil action under 35 U.S.C. § 146. But for the appeal by Adams et al., their failure to do either would beyond question have left them without recourse to obtain review of the final decision of priority against them. We do not see how the timely appeal of Adams et al. changes the situation. There are various points at which one can cease to be a party to an interference by failing to act and this is one of them. If one cannot be deemed to be a party, it follows that one is not an "adverse party." The fallacy of the position taken by Keller et al. is in the apparent assumption that all parties to an interference remain parties to it for as long as any proceedings in the interference are pending. This is patently not the case. *Losers* must apply for the remedies made available to them by statute and rule within the time allowed to them and when they do not they

cease to be parties. The acts of other losers do not alter this status.

Keller et al. argue that they are "an adverse party" by virtue of reasons of appeals 9 and 10 included in the notice of appeal filed by Adams et al. These two reasons allege error in the board's decision only with respect to the Keller et al. request that they be allowed to convert their application into a sole application of Garvin. (See note 1, supra.) Keller et al. say a decision as to reasons of appeals 9 and 10 in favor of Adams et al. would prejudicially affect their rights. The answer to this is that since, as we have held above, the party Keller et al. is not a party to this appeal, we would not pass on issues relating to rights of Keller et al. in the instant case even if appellant has assigned error with respect thereto.

For the foregoing reasons we dispose of the motions as follows:

The Adams et al. motion that we refuse to dismiss the appeal is granted.

Wolinski's motions (1) to strike the Keller et al. notice of election is dismissed because said notice was filed in the Patent Office and is beyond our control; (2) to adjudge Keller et al. without standing in the instant appeal is granted; (3) to refuse to dismiss the appeal is granted.

The Keller et al. motion that we dismiss the appeal is denied.

Keller et al. filed their "Election" prior to the end of the time within which Adams et al. were required by our Rule 25, 35 U.S.C.A.Appendix, to file their petition and record, thus creating the present controversy and uncertainty whether the appeal would proceed in this court. The Patent Office has certified to us only copies of the papers called for by said Rule in election cases, plus the board opinion; but since the appeal is to proceed, appellants' time to file their petition and a proper record is hereby extended to ten days after the date hereof, subject to any further extension the Commissioner may grant to enable the copy of the record to be prepared.