UNION CARBIDE CORPORATION,
Plaintiff,

v.

TRAVER INVESTMENTS, INC., and W. R. Grace & Co., Defendants.

HOWARD PLASTICS, INC., Plaintiff,

v.

TRAVER INVESTMENTS, INC., and Union Carbide Corporation, Defendants.

Civ. A. Nos. P-2357, P-2445.

United States District Court
S. D. Illinois, N. D.

Feb. 6, 1962.

---

O'Hern, Alloy, O'Hern and Wombacher, Peoria, Ill., Donald C. Harrison, Curtis, Morris & Safford, New York City, and Paul A. Rose, Washington, D. C., for Union Carbide Corp.

Miller, Westervelt & Johnson, Peoria, Ill., Marzall, Johnston, Cook & Root, Chicago, Ill., and James Littlepage, Washington, D. C., for defendant Traver Investments, Inc.

Kavanagh, Bond, Scully, Sudow & White, Peoria, Ill., and Cushman, Darby & Cushman, Washington, D. C., for defendants W. R. Grace & Co. and Howard Plastics, Inc.

MERCER, Chief Judge.

Union Carbide Corporation, plaintiff in case No. P-2357, commenced suit in this District under 35 U.S.C. § 146 naming as defendants Traver Investments, Inc., and W. R. Grace & Company. Carbide is the assignee of United States Patent Application No. 217,144, filed on March 23, 1951, in the name of George M. Adams and Sidney J. Wakefield. Defendant, Traver, is the assignee of United States Patent Application No. 345,015, filed March 27, 1953, in the name of George W. Traver. The complaint alleges that defendant, Grace, is the assignee of United States Patent Application No. 326,122, filed December 15, 1952, in the names of Theodore W. Keller, Charles W. Garvin and John G. McMillan.

In 1954 the Patent Office determined that an interference existed between those three applications and a hearing upon the rival applications was had before the Patent Office Board of Patent Interferences. On July 25, 1960, the Board ruled that Traver's assignor was the prior inventor and awarded priority of invention to him. Finally, the complaint alleges that plaintiff's assignor was the first original and true inventor of the process disclosed in the patent applications. The complaint prays judgment holding that plaintiff's assignors are the first and prior inventors of the process disclosed, and that plaintiff is entitled to a patent upon the process described in the application.

Case Number P-2445 involving the same subject matter, was filed by Howard Plastics, Inc., in the District Court for the District of Columbia against Traver Investments, Inc., and Union Carbide Corporation. The allegations of the complaint are essentially identical to those of the complaint in Number P-2357, except that it is alleged that Howard Plastics is a wholly owned subsidiary of Grace, that Howard is the assignee of United States Patent Application No. 326,122 and that Howard's assignors are the true and prior inventors of the processes disclosed in those patent applications. The complaint prays judgment awarding priority of invention to Howard's assignors, and a patent to it as owner of the application.

Jurisdiction in each cause is invoked under the provisions of 35 U.S.C. § 146.

Traver moved to dismiss the complaint in No. 2357 upon the ground that Howard was an indispensable party to the suit. After that motion was argued, the court reserved decision of the question pending a determination whether the cause in No. 2445 might be transferred to this District from the District of Columbia. That transfer has been completed and the causes are now presented to the court upon a number of motions, including Traver's motion to dismiss No. 2357, Carbide's motion to consolidate the two causes of action for trial and the motion of defendant Grace to add Howard as a party defendant in No. 2357.

Those various motions are considered in a sequence which seems to be logically dictated by the circumstances, the No. 2357 motions being first considered.

Section 146 provides in pertinent part:

"Any party to an interference dissatisfied with the decision of the board of patent interferences on the question of priority, may have remedy by civil action, if commenced within such time after such decision, not less than sixty days, as the Commissioner appoints * * *.

"Such suit may be instituted against the party in interest as shown by the records of the Patent Office at the time of the decision complained of, but any party in interest may become a party to the action. * * * Judgment of the court in favor of the right of an applicant to a patent shall authorize the Commissioner to issue such patent on the filing in the Patent Office of a certified copy of the judgment and on compliance with the requirements of law."

Rules of practice of the Patent Office, promulgated by the Commissioner, require that an action under Section 146 be commenced within 60 days from the date of the decision of the Board of Patent Interferences, unless a petition for reconsideration is filed in which case, a suit must be filed within 30 days after disposition is made of such petition. 37 C.F.R. §§ 1.303(a), 1.304.

By its motion to dismiss, Traver invokes the 60 day statutory period as jurisdictional. It argues that Howard, as assignee of one of the adverse applications involved in the interference, is a "party in interest" within the meaning of the statute and an indispensable party to the suit. In support of its motion Traver has submitted a copy of the assignment records of the Patent Office, certified by the Commissioner of Patents, which include the record of assignment of Application No. 326,122 to Howard by an instrument recorded in the Patent Office on May 14, 1956.

■ I am convinced that the complaint must be dismissed. In Klumb v. Roach, 7 Cir., 151 F.2d 374, 377, the court held that the similar provisions of the statutory predecessor of Section 146 were jurisdictional. Thus the court said:

"It must be remembered that this is not an ordinary equitable action but is predicated solely upon a statutory provision which confers jurisdiction upon the court and fixes the rights of the parties. In order for plaintiff to bring himself within the terms of § 4915 and before the court can adjudicate the rights of the parties, certain things must exist: (1) Plaintiff must have elected to proceed in a District Court rather than by appeal to the United States Court of Customs and Patent Appeals; (2) his complaint must be filed within six months after the decision of the Patent Office; and (3) notice must be given to adverse parties and other due proceedings had. It is our view that these requirements are jurisdictional and the complaint by appropriate allegations must show that the requirements are met; otherwise, the court is without jurisdiction."

In the Klumb case, the plaintiff, the unsuccessful party to an interference, filed suit against the successful patent applicant only, although it appears that the plaintiff had knowledge that the applicant had assigned a one-half interest in the application to one Tower. The complaint was answered, the defendant making no specific attack upon the complaint on jurisdictional grounds. After a trial was had upon the complaint and answer and after the decision of the trial court had been rendered, plaintiff moved to reopen the case to make Tower a party defendant. Over Tower's objection the motion was allowed and judgment was entered in favor of the plaintiff. Defendant then took an appeal and moved in the Court of Appeals, upon the jurisdictional ground, for a reversal of the judgment for want of jurisdiction.

The Court of Appeals ruled that the trial court had been without jurisdiction, because Tower was an indispensable party to the cause and because he had not been made a party to the suit within the statutory period.

In Hazeltine Corporation v. White, E. D.N.Y., 2 F.Supp. 94, aff'd, 2 Cir., 68 F. 2d 715, a suit by one unsuccessful party to an interference against a prevailing party was dismissed because a second unsuccessful interference party had not been joined. Likewise in Solomon v. Schlicker, E.D.N.Y., 58 F.Supp. 444, a suit under Section 4915 was dismissed because of the failure of the plaintiff to join the assignee of his interference adversary as a defendant. The court further held that the statutory period was jurisdictional and denied a request to make the assignee a party defendant after the statutory period had elapsed. To the same effect, are Pierce Foundation v. Penberthy Injector Co., D.Del., 22 F.Supp. 239, and Shell Development Co. v. Universal Oil Products Co., D. Del., 63 F.Supp. 476.

The cases decided under Section 146 are to the same effect. In Minnesota Min. & Mfg. Co., v. Chavannes Industrial Syn., D.Del., 128 F.Supp. 659, the court stated that an assignee of an application was a party in interest as used in Section 146 and was an indispensable party to the suit. There a motion to dismiss, predicated upon the ground that Chavannes' assignor was an indispensable party, was denied. The court held that the assignor of the application was a proper party if he chose to intervene, but was not a necessary party to the suit.

Radio Corp. of America v. International Standard Electric Corp., D.Del., 134 F.Supp. 593, aff'd 3 Cir., 232 F.2d 726, involved an unusual fact situation upon which the court held that an assignee was not the real party in interest and was not, therefore, an indispensable party to the suit. There, the application involved had been assigned to the United States as a security precaution during World War II. In a suit arising under Section 146 involving the application, the defendant moved to dismiss because the United States, as assignee, had not been named as a party defendant. It is clear that the judgment denying the motion to dismiss rested upon the peculiar fact situation there presented since it appeared conclusively that the United States was not the real party in interest. Pertinently the court recognized that an assignee of a patent is a party in interest within the meaning of Section 146, and the court stated that the 60 day period established pursuant to the provisions of Section 146 is jurisdictional.

Under the cited authorities I think the complaint must be dismissed. Under Section 146, as was the case under prior Section 4915, the plaintiff must have elected to proceed in a District Court rather than by appeal to the United States Court of Customs and Patent Appeals. Plaintiff must also have filed his complaint within 60 days after the decision of which complaint is made and the suit must be instituted against all parties in interest as shown by the records of the Patent Office at the time of such decision. When the decision of which complaint is made was entered, Howard was shown by the records of the Patent Office as the assignee of all rights under Application No. 326,122. To prove that it is entitled to relief, plaintiff must prove that its rights have priority over all other competing rights and that it is entitled to a patent. As proof of the priority of its application and of its entitlement to a patent, plaintiff must show that its rights are prior to those represented by each of the other competing applications upon the interference. Howard is an indispensable party to the suit, and must have been joined as a defendant within the statutory period.

■ The argument of Grace that it, as the sole stockholder of Howard, represents Howard in the suit is rejected. It may be true that the corporate activities of Howard, within its spheres of business, are indistinguishable from the corporate activities of Grace. Be that as it may, Grace and Howard are separate

legal entities, in fact, and must be so treated for purposes of this litigation. The result of Grace being in the suit is to have the only stockholder of Howard as a party. That fact is not sufficient to make Howard a party by representation. Nor does the motion of Grace to make Howard an additional party defendant to the suit, if allowed, cure the jurisdictional defect. The filing of a suit within the statutory period against all indispensable parties is a condition to the substantive right of review created by Section 146, and a condition upon which the court's jurisdiction depends. The jurisdictional defect cannot be cured by bringing in an additional party after the statutory period has elapsed.

Carbide's motion to consolidate the case with No. 2445 will be denied.

In No. 2445, the complaint by Howard was filed in the District Court for the District of Columbia on October 24, 1960, naming as defendants Traver and Carbide. Carbide's complaint in No. 2357 had been filed on October 20, 1960. On November 4, 1960, the District Court for the District of Columbia stayed further proceedings in No. 2445 pending disposition by this court of the complaint in No. 2357. That stay order remained in effect until June 9, 1961. On the latter date, Carbide filed in the District Court for the District of Columbia its counterclaim against Howard and its cross-claim against Traver, in which it prayed judgment that its application No. 217,144 be found to have priority over the applications under which Howard and Traver claimed. On June 16, 1961, Howard filed its reply to the Carbide counterclaim. On the same date the District of Columbia Court referred and transferred Case No. 2445 to this court for trial.

Traver has moved to dismiss the counterclaim and cross-claim of Carbide for the alleged reason that those claims were not filed and presented within the statutory time limit fixed by Section 146.

Pertinent to that motion, the Board of Patent Interferences rendered its decision on July 25, 1960, declaring the application under which Traver claims to be entitled to priority. Thereafter Traver filed a petition for reconsideration of a portion of the decision of the Board of Patent Interferences. The effect of the filing of that petition was to enlarge the time for prosecuting the review proceedings until 30 days after the petition for reconsideration had been decided. Patent Office Rule 304, 37 C.F.R. § 1.304, 35 U.S.C.A., p. 743. That petition was denied by the Interference Board on September 23, 1960.

Traver argues that October 24, 1960 was the final day upon which any civil action could have been commenced under Section 146 of the statute within the time limitation specified with reference to Rule 304. Traver argues that all rights of the losing parties to the interference to seek a remedy under Section 146 expired at the end of the day of October 24, 1960, and that, therefore, the court has no jurisdiction of the counter and cross-claims by Carbide which were not filed until June 9, 1961.

As I have pointed out in the discussion of the motions pending in No. 2357, the assertion of a right to relief within the statutory period is a condition precedent to the jurisdiction of the court to entertain a cause under Section 146, and is not merely a procedural provision. Even substantive rules, however, must be interpreted to bear some reasonable relationship to the obvious congressional intention inherent in the creation of the rights in issue. This suit was commenced within the statutory period by Howard, naming Traver and Carbide, the other interference contestants, as defendants. The complaint asks adjudication that the rights under which Howard claims are prior, not only to the rights under which Traver claims, but, also, to the rights under which Carbide claims. Since the action was commenced within the statutory period, the question of jurisdiction of the court is settled.

In my opinion it would be an absurdity to hold under the circumstances of this case that the court does not have juris-

diction of the counterclaim and cross-claim of Carbide. Traver's premise is that Section 146 creates a cause of action, premised upon the substantive condition that a suit be filed within the statutory period, fixed with reference to the provision of Patent Office Rule 304; that the Carbide counterclaim and cross-claim state claims of substantive rights; and, ergo, those claims must have been asserted within the statutory time limit or the right to claim is lost. I think that premise can have validity only if it must be said that Section 146 operates to spawn a motherless waif, who must find his way from the spawning bed to full growth in a procedural vacuum. Such a result is untenable.

Section 146 does not legislate a special set of procedural standards to govern actions of its creation. The obvious intent of the statute is to provide a right of action and a forum through and in which all issues relating to the questions of priority and entitlement to a patent may be resolved. Those issues can be finally resolved only if every indispensable party is not only in court, but, also, is accorded his day in court.

██ When a complaint based upon Section 146 is filed within the statutory time limit and that complaint makes each indispensable person a party to the suit, the jurisdiction of the court is fixed. Thereafter, although the cause be a creature of statutory creation, the procedural direction of the suit is governed by the Federal Rules of Civil Procedure. 28 U.S.C. Under Rule 12, Carbide had 20 days after the service upon it of summons and a copy of the Howard complaint to answer or otherwise plead to the complaint. Rule 13 makes specific provision for the filing of counterclaims and cross-claims which arise out of the transaction or occurrence which is the subject matter of the complaint.

██ After the complaint in this case was filed, and before the expiration of the 20 day period allowed for opposing parties to plead to the complaint, the

District Court for the District of Columbia entered an order staying all further proceedings in the cause until this court had disposed of Case No. 2357. That stay order remained in effect until June 9, 1961, at which time Carbide filed its counterclaim against Howard and cross-claim against Traver. The time which elapsed while that stay order was in effect is not to be counted in computing Carbide's time for filing responsive pleadings. Yoder v. Nu-Enamel Corp., 8 Cir., 145 F.2d 420, 426–427; Wagner v. New York, O. & W. Railway, M.D.Pa., 146 F.Supp. 926, 929. While that stay order was in effect, Carbide was effectively barred from taking any further action in this case. Its counterclaim and cross-claim filed upon the removal of the bar of the stay order were timely filed.

Adams v. Wolinski, Cust. and Pat. App., 285 F.2d 133, has no bearing upon the question. In that case, after a decision by the Board in a three-party interference, one of the losing parties took an appeal to the Court of Customs and Patent Appeals against the successful party. The other losing party, Keller, was not made a party to that appeal. After the statutory period had elapsed, Keller sought to file in the Court of Customs and Patent Appeals an election to have the cause transferred to a District Court for trial pursuant to Section 146. Upon the objection of both parties to the appeal, Keller's election to transfer the cause was dismissed, the court holding that the right to review the decision of the Board of Patent Interferences had been lost because no action was taken by Keller within the statutory period.

The Adams case merely presents the familiar situation in which one of several losing parties takes a direct appeal to review an adverse decision. The appeal is a continuation of the initial proceeding, and losing parties who do not join in the appeal are not parties to the cause and have no standing before the Court. Adams v. Wolinski, supra at 135.

Here we have a separate cause of action instituted to review a Patent Office decision. Unlike a direct appeal to the Court of Customs and Patent Appeals from an interference decision, all parties in interest to the applications involved in the interference must be made parties to the suit. Once the suit had been instituted within the statutory period and all indispensable parties are before the court, litigation proceeds as does any other civil suit and the right of any party to file a counterclaim or cross-claim is not lost merely because the time allowed to him by the Federal Rules to plead may transcend the 60 day statutory period of Section 146.

The motion of Traver to dismiss Carbide's counter and cross-claims is denied.

The second motion to be considered is the motion by Traver to dismiss Howard's complaint because of an alleged public use bar against the application under which Howard claims and because, it is alleged, the patent application upon which the Howard complaint is based fails to disclose the invention in issue. That motion will be denied. The court will not presume, at this time, in advance of the joinder of issue in the suit, to determine questions of patentability and sufficiency of the application under which Howard claims. Those questions touch the substantive issues of the suit. If the contentions of Traver have merit, they should be pleaded by answer, to abide the result of a trial or other appropriate proceedings upon the merits.

Howard filed a motion for summary judgment grounded upon the alleged fact that Traver, on February 2, 1961, amended its pending patent application in such manner that it abandoned its claims of priority under interference counts 2, 3, and 4. Howard theorizes that Traver is thus no longer a rival claimant as to those counts and that summary judgment is appropriate because no issues of fact would remain for decision.

■ That motion will be denied. I have mentioned the status of the case as being not yet at issue. If I assume that the motion for summary judgment is meritorious, it still would dispose of only one facet of the case and leave yet pending issues of fact which must still be tried. Thus, the motion is a request that the case be decided piecemeal, a practice which is usually unwise and which to me is untenable on the present state of the pleadings. In advance of issue being joined, such a motion does not merit serious consideration.

■ Finally, Howard has filed a motion for an order to compel Traver to produce for the court's inspection an amendment filed on or about November 17, 1961 to Patent Application No. 345,015, which, allegedly, cancelled the claims of the original application and submitted new claims. Traver objects to the motion upon the ground that the amended application is irrelevant to the issues in the case. That may well be true when and if the question becomes one of legal relevancy, but, for the time being, it is my position that the parties and the court are entitled to be advised as to the status and content of Traver's pending application. Accordingly, an order will enter compelling Traver to produce a copy of the pending application for inspection by the parties and the court.

In No. P-2357, the motion of Grace to add Howard as an additional party defendant is denied, the motion of Carbide to consolidate that cause with No. P-2445 is denied and the motion of Traver to dismiss the complaint is allowed.

In No. P-2445 the motion by Traver to dismiss the complaint and the motion by Traver to dismiss the counterclaim and cross-claim of Carbide are each denied. The motion by Howard for a summary judgment against Traver is denied. The motion by Howard to compel Traver to produce before the court the amendment to Patent Application No. 345,015 filed in the Patent Office on or about November 17, 1961, is allowed.

Final judgment will be entered accordingly in No. P-2357, and in No. P-2445, an order will enter consistent with the views herein expressed.