**Jack C. SYLVESTER, Plaintiff,**

v.

**JACOBSEN MANUFACTURING COMPANY, a Wisconsin corporation, Defendant.**

**No. 62–C–235.**

United States District Court
E. D. Wisconsin.

May 21, 1963.

Ira Milton Jones and James R. Custin, Milwaukee, Wis., for plaintiff.

Arthur J. Hansmann, Racine, Wis., for defendant.

GRUBB, District Judge.

This is an action under Section 146, Title 35 U.S.C.A., arising out of patent office interference proceedings. Defendant, Jacobsen Manufacturing Company, the assignee of the patent application of the inventor, Raymond K. Strasel, which application was awarded priority over the patent in suit, has moved for dismissal of the complaint.

Defendant, a Wisconsin corporation, contends that Strasel, a resident of Illinois, is an adverse party. Thus it is claimed that there are adverse parties residing in a plurality of districts, vest-

ing jurisdiction of this suit exclusively in the district court for the District of Columbia, under the provisions of Section 146, Title 35 U.S.C.A.

The term "adverse party" as used in this statute can have significance only with reference to a party in interest whose presence before the court is necessary to an adjudication of the claims. Chris Laganas Shoe Co. v. Watson, 95 U.S.App.D.C. 324, 221 F.2d 881, 883 (D.C.Cir.1955); Minnesota Mining and Manufacturing Co. v. Chavannes Industrial Synthetics, 128 F.Supp. 659, 661 (D.Del.1955); Coe v. Hobart Mfg. Co., 70 App.D.C. 2, 102 F.2d 270 (D.C.Cir. 1939).

An inventor who has fully assigned all right, title, and interest in his application for a patent by assignment recorded in the patent office prior to commencement of suit under Section 146, Title 35 U.S.C.A., is not an indispensable party to this litigation. The inventor-assignor may be the formal applicant to whom the patent is to be issued under patent office rules. Under the assignment the material benefits of the invention of his application and of any patent that may issue thereon—the monopoly on manufacture, use, and sale—lie solely with the assignee. While the inventor-assignor may be a proper party to litigation affecting issuance and validity of the patent, his presence is not essential to the adjudication of these rights. Minnesota Mining and Manufacturing Co. v. Chavannes Industrial Synthetics, supra; John B. Pierce Foundation v. Penberthy Injector Co., 22 F.Supp. 239 (D.Del. 1938); Nakken Patents Corporation v. Westinghouse Electric & Mfg. Co., 21 F. Supp. 336 (E.D.Pa.1937); and see United States v. Washington Institute of Technology, 138 F.2d 25 (3rd Cir.1943); Parker Rust-Proof Co. v. Western Union Telegraph Co., 105 F.2d 976 (2d Cir. 1939); Klumb v. Roach, 151 F.2d 374 (7th Cir.1945), cert. denied 327 U.S. 784, 66 S.Ct. 684, 90 L.Ed. 1011; Paper Container Mfg. Co. v. Dixie Cup Co., 170 F. 2d 333 (3rd Cir.1948), cert. denied 336 U.S. 909, 69 S.Ct. 515, 93 L.Ed. 1074; and Barr Rubber Products Co. v. Burlington Mills, Inc., 113 U.S.App.D.C. 108, 306 F.2d 268 (D.C.Cir.1962), in which cases the assignor, or other allegedly adverse party, was a necessary party because of the particular interest owned or retained in the subject matter of the suit.

The adversity of a merely formal or proper party who resides in a district other than that of defendant who is the party in interest does not divest this court of jurisdiction or vest such jurisdiction exclusively in the district court for the District of Columbia.

For the foregoing reasons, the motion of defendant, Jacobsen Manufacturing Company, for dismissal of the complaint must be and it is hereby denied.