E. I. duPONT de NEMOURS AND COMPANY, a corporation, Plaintiff,

v.

CELANESE CORPORATION, a corporation, Columbia Ribbon and Carbon Manufacturing Co., Inc., a corporation, and Angelo Vaccaro, Defendants.

No. 68 Civ. 723.

United States District Court
S. D. New York.

June 10, 1968.

Ward, McElhannon, Brooks & Fitzpatrick, by Joseph M. Fitzpatrick, and Lawrence F. Scinto, New York City, for plaintiff.

Proskauer, Rose, Goetz & Mendelsohn, by Stephen R. Kaye, and Michael A. Cardozo, New York City, for defendant Celanese Corporation; James P. Burns and A. Donald Messenheimer, Washington, D. C., and Charles B. Barris, New York City, of counsel.

McKercher & Link, by George Link, Jr., New York City, for defendants

Columbia Ribbon and Carbon Mfg. Co., Inc., and Angelo Vaccaro.

## OPINION

TYLER, District Judge.

This motion grows out of an interference contest between plaintiff's Patent No. 3,068,528 and defendants' reissue application Serial No. 399,569. In proceedings before the Patent Office, priority was awarded to the latter.[1] Defendants' successful application was filed in the name of Angelo Vaccaro as inventor, with defendant Columbia Ribbon and Carbon Manufacturing Company ("Columbia") named as assignee. According to the records of the Patent Office, Columbia's interest was reassigned to Celanese Corporation prior to the culmination of the interference proceedings in the office.

In February, 1968, E. I. duPont de Nemours and Company ("DuPont") commenced this action pursuant to 35 U.S.C. § 146 (1964)[2] to overturn the decision of the Patent Office. In its complaint, the plaintiff alleges Celanese "is the party in interest as shown by the records of the Patent Office at the time of the decisions complained of" and that it is the owner of the entire right, title and interest in and to the relevant application or "a substantial part thereof":[3] In addition, the roles of Vaccaro and Columbia are described. Celanese's answer contends that it is the "sole owner" of the application and the "only party in interest". Defendants Vaccaro and Columbia so far have failed to interpose any answer. Instead, they have moved to dismiss the action as to themselves for lack of jurisdiction, claiming its absence is shown by the fact that neither is alleged in the complaint to be a "party in interest".

Prior to 1952, when the patent laws were revised and codified, the law was clear that predecessors in title such as

1. Owens v. Vaccaro, Patent Interference No. 94,608 (Patent Office Board of Patent Interferences Jan. 23, 1968).

2. § 146. Civil action in case of interference

   Any party to an interference dissatisfied with the decision of the board of patent interferences on the question of priority, may have remedy by civil action, if commenced within such time after such decision, not less than sixty days, as the Commissioner appoints or as provided in section 141 of this title, unless he has appealed to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided. In such suits the record in the Patent Office shall be admitted on motion of either party upon the terms and conditions as to costs, expenses, and the further cross-examination of the witnesses as the court imposes, without prejudice to the right of the parties to take further testimony. The testimony and exhibits of the record in the Patent Office when admitted shall have the same effect as if originally taken and produced in the suit.

   Such suit may be instituted against the party in interest as shown by the records of the Patent Office at the time of the decision complained of, but any party in interest may become a party to the action. If there be ad-

verse parties residing in a plurality of districts not embraced within the same state, or an adverse party residing in a foreign country, the United States District Court for the District of Columbia shall have jurisdiction and may issue summons against the adverse parties directed to the marshal of any district in which any adverse party resides. Summons against adverse parties residing in foreign countries may be served by publication or otherwise as the court directs. The Commissioner shall not be a necessary party but he shall be notified of the filing of the suit by the clerk of the court in which it is filed and shall have the right to intervene. Judgment of the court in favor of the right of an applicant to a patent shall authorize the Commissioner to issue such patent on the filing in the Patent Office of a certified copy of the judgment and on compliance with the requirements of law.

3. The Patent Office's records are not always definitive on the question of ownership. While 35 U.S.C. § 261 (1964) subordinates the interest of an assignee who does not record within three months to a later good faith purchaser who properly records, the division of equitable interests among persons along the same chain of title may be unaffected by the recording statute.

inventors and assignors were proper parties to a suit for review under Rev. Stat. § 4915 (1875) of a Patent Office determination of priority. Armstrong v. Langmuir, 6 F.2d 369 (2d Cir. 1925). In that decision, Judge Learned Hand analogized the position of an inventor-assignor to that of the grantor of an equity of redemption in a mortgage fore-closure suit.

"It has always been deemed proper, and it is customary, to join such grant-ors, upon the theory that the decree will cut off any equities which may subsist between them and their gran-tees, who are the necessary parties. * * * The decree may be of no value to the plaintiffs, but he [the inventor-assignor] cannot complain." Id. at 371.

In my view, neither section 146 nor any other section of the patent code changes the rule of Armstrong v. Langmuir. Ac-cordingly, defendants' motion to dismiss must be denied.

While section 146 is the source of subject matter jurisdiction for this ac-tion, that section, just as its predecessor, R.S. 4915, does not purport to elaborate the multitude of rules describing the in-dispensable and proper parties to the suit, nor specify all the procedural niceties to be followed once the action has been properly commenced. Instead, it merely states a discrete number of rules regarding parties and procedure, most of which are remedial measures en-acted to change the undesirable results of pre-1952 or common law rules. The remainder of the rules applicable to these interference proceedings must be ex-tracted from the background of the sub-stantive law of patents and the Federal Rules of Civil Procedure.

■ For example, the section com-mences with the new rule that "any party to an interference" may bring a civil action to review the determination of the Patent Office. This remedies a defect in R.S. 4915 by giving a losing patentee, who previously had no recourse outside the Court of Customs and Patent

Appeals, see, e. g., Galena Mfg. Co. v. Superior Oil Works, 104 F.2d 400 (C.C.P.A.), cert. denied, 308 U.S. 609, 60 S.Ct. 173, 84 L.Ed. 509 (1939), the same remedy as a losing applicant. Yet this clause makes no reference to either proper or indispensable parties plaintiff. Notwithstanding the language of the rule, it is clear that an assignee of the party actually involved in the Patent Of-fice interference has standing to sue so long as he possesses a substantial interest in the patent. See, e. g., Radio Corp. of America v. International Standard Elec-tric Corp., 232 F.2d 726 (3d Cir. 1956). On the other hand, it is doubtful whether a losing inventor who has assigned all his interest to another can maintain a section 146 proceeding if his assignee has decided to give up the pursuit and refuses to join as a co-plaintiff. See Garfield v. Western Electric Co., 298 Fed. 659 (S.D.N.Y.1924).

■ Similarly, the second paragraph of section 146 provides, in part, that the District Court for the District of Colum-bia "shall have jurisdiction" in interfer-ence review cases where there are "ad-verse parties" from different states in-volved. The section goes on to supply that court with long-arm jurisdiction which extends to parties residing in foreign countries. This salutary scheme was devised in 1927 to enable certain multiparty interference suits to be brought where the necessary litigants could not otherwise be joined under the general jurisdiction and venue statutes. Again the relevant passages nowhere advert to either proper or indispensable parties. Notwithstanding the apparently unambiguous language used, the courts have uniformly ruled that "adverse parties" refers only to indispensable ad-verse parties. Thus, where parties whose interests are adverse to the plaintiff are not indispensable, i. e., they are not own-ers of substantial interests in any of the conflicting patents or applications, the fact that they reside in different states does not require the transference of the suit to the District of Columbia. See Sylvester v. Jacobsen Mfg. Co., 217 F.

Supp. 93 (E.D.Wis.1963); Minnesota Min. & Mfg. Co. v. Chavannes Indus. Synthetics, Inc., 128 F.Supp. 659 (D.Del. 1955).

The provisions of section 146 relating to parties defendant appear even more skeletal. They prescribe, in relevant part, that interference review actions "may be instituted against the party in interest as shown by the records of the Patent Office at the time of the decision complained of * * *." The section continues with a rule applicable to potential intervenors: "but any party in interest may become a party to the action." 35 U.S.C. § 146 (1964).

Defendants construe the first clause to mean that only a "party in interest" as shown by the records of the Patent Office at the time of the final administrative ruling may be sued. They view the second clause as limiting intervention to other "parties in interest" who wish to uphold their unrecorded interests. On the other hand, DuPont, while agreeing that the language works a change in the pre-1952 law, disagrees with the premise that this part of section 146 imposes new limitations on the parties who may be joined as defendants in an interference review proceeding.

Both sides agree that the most significant departure worked by the language is a change in the result in cases where the plaintiff previously had his suit dismissed for failure to join an indispensable party whose unrecorded interest in the relevant patent or application was unknown to the plaintiff. See Nachod & United States Signal Co. v. Automatic Signal Corp., 105 F.2d 981 (2d Cir. 1939). Indeed, three commentators apparently view this as the only change worked by this sentence of section 146. See Federico, Commentary on the New Patent Act, 35 U.S.C.A. Vol. 1, at 39–40 (1954); Reviser's Notes, 35 U.S. C.A. § 146 (1954); Zinn, Commentary on New Title 35, U.S. Code "Patents", 2 U.S. Code Cong. & Ad. News 2507, 2517–2518 (1952).

The provision relating to parties defendant has undergone judicial scrutiny on four occasions, and none of the courts has suggested that the new language bears the narrow meaning suggested by the defendants herein. In the earliest decision, Minnesota Min. & Mfg. Co. v. Chavannes Indus. Synthetics, Inc., supra, plaintiff joined the prevailing inventor, his assignee and the exclusive licensee of the latter as defendants for purposes of review. Jurisdiction over the inventor was not achieved, since process could not be successfully served on him. The defendants' motion to dismiss, based on a claim that the suit should have been brought in the District of Columbia, was denied. The opinion is instructive for a number of reasons. Initially, the court asserted jurisdiction over the exclusive licensee, notwithstanding the fact that the license was apparently unrecorded. This in itself would have been improper under the defendants' reading of the section. In addition, when the court got to the question of whether the inventor should or could be joined as a defendant, it viewed the problem in terms of the traditional indispensable/proper party dichotomy. Notwithstanding the fact that the court construed the language "such suit may be instituted against the party in interest" to deal with indispensable parties defendant, it abstained from a ruling that the inventor-assignor could not be joined, but instead said that he need not be joined because he was only a proper party. The identical conclusion was reached in Sylvester v. Jacobsen Mfg. Co., supra.

Turchan v. Bailey Meter Co., 19 F.R.D. 201 (D.Del.1956), also is premised on the view that the rules on parties and procedure stated in section 146 are not exhaustive. In that case, a non-exclusive licensee of the plaintiff sought to intervene after issue had been joined. As do the defendants in the case at bar, the court there construed the language "any party in interest may become a party" to refer to intervention. Following the construction placed on "party in interest" in the *Minnesota Mining* case, the court

ruled that a non-exclusive licensee was not an indispensable party and thus intervention could not be based on section 146. Nevertheless, the court did not view section 146 as the only rule of law which would permit intervention. Instead, the judge went on to examine Rule 24 of the Federal Rules of Civil Procedure. Only after satisfying himself that the criteria found therein had not been met did the judge dismiss the petition to intervene.

Notwithstanding the permissive language of the relevant clause, i. e.—"may be instituted", section 146 has been held to require a plaintiff to join as defendants all recorded owners of the conflicting patents and applications. Union Carbide Corp. v. Traver Investments, Inc., 201 F.Supp. 763 (S.D.Ill.1962). Because of Union Carbide's failure to timely join one of them in that case, the court granted a dismissal under the rubric of a failure to join an indispensable party. Fortunately for Union Carbide, there was another party contesting the Patent Office's priority determination, and that party properly brought on review proceedings in a consolidated action. In this latter action, Carbide was permitted to assert a counterclaim and a cross-claim alleging priority over the other two contestants. The court held that both of these claims were in order, notwithstanding the fact that they were interposed long after Carbide's time to perfect its own appeal had elapsed, explaining:

> "Section 146 does not legislate a special set of procedural standards to govern actions of its creation. The obvious intent of the statute is to provide a right of action and a forum through and in which all issues relating to the questions of priority and entitlement to a patent may be resolved. Those issues can be finally resolved only if every indispensable party is not only in court, but, also, is accorded his day in court.

When a complaint based upon Section 146 is filed within the statutory time limit and that complaint makes each indispensable person a party to the suit, the jurisdiction of the court is fixed. Thereafter, although the cause be a creature of statutory creation, the procedural direction of the suit is governed by the Federal Rules of Civil Procedure." Id. at 768.

■ In the case at bar, this court has the requisite subject matter jurisdiction by virtue of the fact that DuPont has brought suit against the only indispensable party of record, Celanese. Vaccaro and Columbia are properly joined as defendants under Rule 20(a), Fed.R. Civ.P., since they are predecessors in the chain of title leading to Celanese. The common question of law or fact involved, of course, is the issue of priority.

■ Although it is common practice to have employee-inventors automatically assign all their patent rights to their employers, the retention of equitable interests in assigning inventors and other assignors is sufficiently prevalent, see Radio Corp. of America v. International Standard Electric Corp., supra; Paper Container Mfg. Co. v. Dixie Cup Co., 170 F.2d 333 (3d Cir. 1948), cert. denied, 336 U.S. 909, 69 S.Ct. 515, 93 L.Ed. 1074 (1949), to permit plaintiffs to join them as defendants in section 146 actions. A plaintiff such as DuPont has no way of knowing what equitable interests may be retained by assignors such as Vaccaro and Columbia. See Footnote 3, supra. While it may well turn out that neither has any interest whatsoever in the application presently recorded in the name of defendant Celanese, DuPont is entitled to a judgment against both if it is able to make out a showing of priority. In such an event, neither Vaccaro nor Columbia will be able to come forward at some later time and claim an interest superior to plaintiff's. See Armstrong v. Langmuir, supra. If neither owns any interest in the relevant application, they may both default without suffering any significant consequence.

Defendants' motion to dismiss is denied. It is so ordered.