

Harold Einhorn, Elizabeth, N. J., Whelan, Chasan, Litton, Marx & Wright, Linden, N. J., attorneys of record, for appellants.

Lawrence F. Scinto, Ward, McElhannon, Brooks & Fitzpatrick, New York City, for appellees; Robert L. Baechtold, New York City, of counsel.

Before RICH, Acting Chief Judge, and ALMOND, BALDWIN and LANE, Judges.

57 CCPA

**Arthur W. LANGER, Jr., and Erik Tornqvist, Appellants,**

**v.**

**Daniel KAUFMAN and Bryce H. McMullen, Appellees.**

**Special Patent No. 154.**

United States Court of Customs and Patent Appeals.

Nov. 6, 1969.

PER CURIAM.

This is an appeal arising out of interference No. 94,847 which involved three parties in the Patent Office and was there entitled "Reed and Wilkinson vs. Kaufman and McMullen vs. Langer and Tornqvist." On March 14, 1969, the Board of Patent Interferences awarded priority to Kaufman and McMullen (Kaufman). Reed and Wilkinson (Reed) timely filed a request[1] for reconsideration of the board's decision on or about April 14, 1969, which request was denied by the board in a decision on reconsideration dated May 7, 1969. Subsequently, Langer and Tornqvist (Langer), who had brought no petition for reconsideration

---

1. Reed having designated his paper as a "request" and the statute, quoted hereinafter having employed the word "peti-

tion", the two terms are used interchangeably in this opinion.

themselves, filed a notice of appeal to this court on or about June 3, 1969. Reed did not seek judicial review of the board's decision.

Before us, Kaufman moves that the notice of appeal by Langer be dismissed as being untimely and that Langer be adjudged without standing to prosecute an appeal to this court from the decision in the interference.

The issue arises under Rule 304[2] of the Rules of Practice of the Patent Office which states in pertinent part:

> 304. Time for appeal or civil action. The time for filing the notice and reasons of appeal to the U. S. Court of Customs and Patent Appeals (rule 302) or for commencing a civil action (rule 303) is sixty days from the date of the decision of * * * the Board of Patent Interferences. If a petition for rehearing or reconsideration is filed within thirty days after the date of the decision of the * * * Board of Patent Interferences, the time is extended to thirty days after action on the petition. * * *

It will be observed that the notice of appeal in this case was not filed within the sixty days from the decision of the board provided in the first sentence of Rule 304 but was filed within the thirty days from the board's action on request for reconsideration specified in the second sentence of the rule. The issue is whether the Reed request for reconsideration and the board's action thereon was effective to extend the time for Langer to file a notice of appeal as specified by the second sentence of the rule.

We hold that the time for Langer to take such action was so extended because we think the plain meaning of Rule 304 is that the time for all parties to file a notice of appeal to this court is extended as the result of a timely petition for reconsideration by any party. Certainly the language of the rule provides no basis for reaching a contrary conclusion. Also, reason dictates that the deadline for taking an appeal should most appropriately be the same for all parties in order to avoid confusion. In particular, it is apparent that all parties to an interference should be assured of being informed of the final position of the board before being required to decide whether to seek judicial review and, if they do appeal to this court, to formulate appropriate reason of appeal as required by 35 U.S.C. § 142.[3]

Kaufman points out that the board's decision on reconsideration in the present case was mailed one week before the close of the sixty day period following its original decision, and states that it thus was available to Langer within that sixty day period. We do not consider that circumstance significant, since the party Reed obviously was entitled under Rule 304 to the full thirty days after decision on reconsideration in which to initiate an appeal and we find no reason to interpret the rule as restricting any other party to a shorter period.

Kaufman also argues that the Reed petition did not reopen any issue affecting Langer. We do not think that such contention is correct since granting of the petition would have resulted in an award of priority to Reed or the consequence of his being granted a record date previously denied him and might have affected the circumstances under which Langer would have had to assess his own chances of prevailing ultimately. Moreover, that question is not of con-

2. The reason for Rule 304 as far as it pertains to appeals to this Court is found in 35 U.S.C. § 142, which reads:

> When an appeal is taken to the United States Court of Customs and Patent Appeals, the appellant shall give notice thereof to the Commissioner, and shall file in the Patent Office his reasons of appeal, specifically set forth in writing, within such time after the date of the decision appealed from, not less than sixty days, as the Commissioner appoints.

3. See Note 2.

trolling significance because the language of Rule 304 does not restrict its scope in terms of the specific effect of the point on which reconsideration is sought.

Additionally, Adams v. Wolinski, 285 F.2d 133, 48 CCPA 774 (1961), is relied on by Kaufman for the proposition that "the two losers in a three-party interference must independently pursue and perfect their individual rights of appeal and could not rely on the rights of other losers." Specifically, the court held there that a losing third party to an interference who did not timely appeal to this court or file a civil action under 35 U S.C. § 146 had lost his right to review of the board's decision and could not by election under 35 U.S.C. § 141 force the other two parties who were involved in the appeal to have any further proceedings conducted through a civil action under 35 U.S.C. § 146, apparently with himself free to participate. That decision deals only with the right of a person not involved in an appeal to make an election under 35 U.S.C. § 141. It obviously does not concern the present issue as to the interpretation of Rule 304.

The motion of Kaufman to dismiss the Langer notice of appeal and adjudge Langer without standing is denied.

Motion denied.