## MILLWARD v. VULCAN FURNACE & EQUIPMENT CO.

Circuit Court of Appeals, Third Circuit.
May 3, 1928.

No. 3714.

**1. Appeal and error ⬅⇒747(1)—Complainant, not appealing, could not by "cross-assignments of error" hold fast to favorable part of decree and attack unfavorable portion.**

Where, in suit for specific performance of contract to assign patents, trial court allowed defendant to recover certain expenses as condition precedent to requiring assignment of patents to complainant, and defendant appealed, complainant, which did not appeal, could not, by "cross-assignments of error," hold fast to decree for what was favorable to it and attack that which was unfavorable, and obtain a review without cost or risk.

**2. Specific performance ⬅⇒119—Expenses allowable to defendant as condition precedent to granting complainant specific performance must be proved.**

Expenses allowable to defendant as condition precedent to requiring him to specifically perform his contract to assign patents to complainant must be proved, and allowance based on his testimony that expenses amounted to "about" a certain sum would be unauthorized.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

Suit by the Vulcan Furnace & Equipment Company against William Millward. Decree for complainant, and defendant appeals. Affirmed.

Edward M. Borger and Denton Borger, both of Pittsburgh, Pa., for appellant.

William B. Wharton and Wilbur F. Galbraith, both of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. By a written contract with Orrin H. Davison, acting for a proposed corporation which when later brought into existence became the complainant corporation, William Millward, the respondent, engaged to render services in developing and perfecting commercially metallurgical furnaces in accordance with the designs of the inventor and to assign to Davison or his corporate nominee all inventions he should make relating thereto and execute all applications for patents and other papers conveying title to such inventions in consideration of an agreed salary for a stated term and a named percentage of the shares of the capital stock of the proposed corporation. The services were rendered, a large part but not all of the salary paid, the balance tendered, the shares of stock delivered, accepted and retained, inventions made, applications for patents filed and in one instance letters patent issued, but Millward declined to assign them to the company. Thereupon it brought this suit in equity for specific performance of the contract with reference to the assignment of the letters patent and one pending application for a patent.

The respondent resisted on four grounds: (1) Mutual abandonment of the contract; (2) estoppel of the complainant; (3) the complainant's laches; and (4) its unclean hands.

The issues are purely of fact, governed by settled law. We think it unnecessary to discuss them in this opinion as we find ourselves in full accord not only with the decree of the trial court holding against all of them but with the reasoning that moved the court to its decree.

[1] Incident to the main issue the respondent

claimed $1,504 as expenses which he had incurred in prosecuting a contested application for a patent on one of his inventions, which by the contract he was bound to assign, and $875 for traveling expenses incident to that transaction. The learned trial court allowed the former sum and required its payment by the complainant as a condition precedent to the assignment of the letters patent and patent application but disallowed the latter sum. The respondent appealed and inter alia assigns this disallowance as error. The complainant, evidently satisfied with the decree in its favor on the main issue, did not appeal but by a procedure quite unknown to this court—which it terms "cross-assignments of error"—charges error to the court in allowing the larger sum and making specific performance conditioned on its payment. Of course the complainant cannot in this manner hold fast to the decree for what is favorable to it and attack that which is unfavorable and obtain a review without cost or risk.

[2] As to the assignment that the court erred in disallowing the item of $875 for expenses we say that if the respondent had proved this item by evidence substantially like that by which he proved the larger item, he would have a serious hearing; but he produced no evidence of these expenditures by book entries, memoranda, or even oral testimony beyond his own by no means certain statement that "as far as I can make up" they amount to "about $875." Disbursements necessarily incurred may be recovered when, as in the case of the larger item, it is necessary to balance equities; but disbursements, even when so incurred, to be validly allowed must be proved. An allowance of expenses as a condition precedent to specific performance when guessed at would be wrong. The decree is in all respects affirmed.