Graham, Presiding Judge,
delivered the opinion of the court:
A petition for rehearing has been filed herein, and the same is hereby denied. There seems to be no reason for a change in the views expressed by us in our opinion filed in this case on February 25, 1931.
It is argued that the court failed to pass upon this question: The Board of Appeals held that Braren was estopped from claiming that the invention in issue was a new and improved drive, because he did not seek, under rule 109 of the Patent Office, to add counts covering such broader claim. What we said in our original opinion, on the general merits of the .claims, we believe disposed of this question.. Certainly, Braren did nothing in this particular which ought to close his mouth from seeking a proper legal construction of the counts in the interference. Estoppels, not ordinarily favored, do not arise in this way.
The court was advised, on the argument of this case, that the reference patents contained in the record were cited on the original Braren application. It now appears, by the agreed statements of counsel, that they were cited upon the Horner application.
Our attention is called by the petitioner to our holding that Horner should have appealed and assigned error if he intended to ask for a finding of an earlier date of conception than that awarded him by the Patent Office tribunals. As to this, it is contended that, the decision below being favorable to Horner on all the counts, he had no right of appeal. On- more mature consideration, we are of the opinion the point is well taken and that the whole field of priorty of conception, on this record, is now before us. * Therefore our former opinion is hereby modified in this respect. In this connection, the following authorities are thought to be in point: Guarantee Company, etc. v. Phenix Ins. Co., 124 Fed. 170; *1410 Rogers v. Penobscot Mining Co., 154 Fed. 606; Smart v. Wright, 227 Fed. 84; Millward v. Vulcan Furnace, etc., 26 F. (2d) 78.
In view of this holding, we have reexamined the record and are convinced that the tribunals of the Patent Office did not err in holding Florner'to be entitled to no earlier date than February, 1923, for a reduction to practice. We agree with the examiner of interferences in his statement that the testimony of Horner’s witnesses “ Gustafson, Henkes, and Falkenrath is too slight and indefinite to amount to proof of conception.” The shipment of the completed machine to the Schoder & Lombard Co. is the first definite proof the i’ecord contains as to reduction to practice.
A petition for writ of certiorari, suggesting a diminution of the record, was filed by appellee in this cause. The writ was issued and a supplemental record, consisting of 21 printed pages, was filed herein. Part of the matter contained in this supplemental record is fairly essential to a consideration of the case and a portion of it is not. Accordingly the costs occasioned thereby will be taxed, one-half to the appellant and one-half to the appellee.