46 CCPA

**Wolfgang B. KLEMPERER**

v.

**Nathan C. PRICE.**

**Special Patent Appeal No. 86.**

United States Court of Customs
and Patent Appeals.

Nov. 2, 1959.

Richard P. Schulze, Washington, D. C., for Wolfgang B. Klemperer.

Robert W. Beach, Seattle, Wash., for Nathan C. Price.

Before WORLEY, Chief Judge, and RICH, MARTIN and SMITH, Associate Judges.

PER CURIAM.

This is a motion to dismiss a notice of appeal from a decision of the Board of Patent Interferences of the United States Patent Office.

The appellant, Nathan C. Price, was awarded priority by the board of all the subject matter in issue in Interference No. 87,334, the award being based on a holding that the disclosure of Klemperer's application would not support the interference counts. The board overruled a contention by Price that Klemperer was estopped to contest the interference, and further held that if Klemperer's disclosure supported the counts he was entitled to judgment on the ground of *res judicata* as the result of an earlier interference. However, in view of the holding that Klemperer's disclosure did not support the counts, the board's rulings as to estoppel and *res judicata* did not affect its award of priority.

The instant notice of appeal filed by Price, the winning party, assigns errors in the board's holdings as to estoppel and

res judicata but, of course, does not allege error in the board's ultimate conclusion that Price was entitled to the award of priority.

■ Title 35, Section 141, of the United States Code provides for an appeal to this court by "A party to an interference dissatisfied with the decision of the board of patent interferences on the question of priority * * *." It is evident that Price is not dissatisfied with the *decision* of the board on priority. His dissatisfaction is merely with holdings of the board on other points not necessary to that decision.

■ In opposing the motion to dismiss, Price argues that unless he is allowed to maintain his appeal he may be precluded from urging his contentions as to estoppel and *res judicata* in the event of an appeal by Klemperer. It has been repeatedly held by this court, however, that all questions pertinent to the issue of priority of invention are before the court in considering an appeal from the Board of Patent Interferences and that it is not necessary for the successful party to an interference to file an appeal in order to preserve his right to argue any such question which has been decided adversely to him below. Braren v. Horner, 49 F.2d 984, 18 CCPA 1408; Fageol v. Midboe, 56 F.2d 867, 19 CCPA 1117; Chittick v. Lyons, 104 F.2d 818, 26 CCPA 1382; Driggs v. Clark, 140 F.2d 994, 31 CCPA 856; Draeger v. Bradley, 156 F.2d 64, 33 CCPA 1130, 1136; Botnen v. Dorman, 179 F.2d 249, 37 CCPA 813; St. Pierre v. Harvey, 233 F.2d 337, 43 CCPA 918.

The case of Field v. Knowles, 183 F.2d 593, 37 CCPA 1211, relied on by Price, is not in point here since in that case priority as to count 1 was awarded to Field et al. and Knowles did not appeal. The court held that matters relating to count 1 were not before it on an appeal by Field from the decision awarding priority as to the remaining counts to Knowles. No such situation exists in the instant case since priority as to all counts was awarded to Price.

Price also relies on Clark v. Camras, 204 F.2d 273, 281, 40 CCPA 963, in which Camras sought to raise the question of originality before this court although he had not urged it in the Patent Office. In refusing to consider that ground, the court said:

"We find nothing in the record to indicate that the question of derivation was raised before the board. Moreover, even if it were, the question of derivation substantially changes the nature of an interference proceeding, making the essential question one of originality rather than one of priority. Hence it would have been necessary for Camras to cross-appeal from an adverse ruling of the board on the allegation of derivation."

The last-quoted sentence is dictum since there was no allegation of derivation before the board and hence no adverse ruling as to that matter. However, so far as it may appear to indicate that it is necessary for the winning party to an interference to file a cross-appeal in order to be entitled to argue any matter relevant to the issue of priority of invention which has been raised by him before the board, and which has been decided adversely to him, the statement contained in the sentence in question is at variance with the established practice of this court as set forth in the decisions cited above, and is accordingly overruled.

■ In the event of an appeal to this court by Klemperer from the decision of the board here involved, Price will be entitled to argue any matter ancillary to priority which has been raised before and passed upon by the board. Accordingly, no useful purpose can be served by the attempted appeal here under consideration.

The motion to dismiss the notice of appeal is *granted*.

Klemperer has also filed a "Motion for Summary Reversal of Decision of Board of Patent Interferences," based on the filing of Price's notice of appeal to this court. That motion is *denied*.