**SHAFFER TOOL WORKS and Raymond W. Walker, Plaintiffs,**

v.

**JOY MANUFACTURING COMPANY and Charles D. Crickmer, Defendants.**

**Civ. A. No. 71–H–1278.**

United States District Court,
S. D. Texas,
Houston Division.

May 5, 1972.

See, also, D.C. 352 F.Supp. 824.

Fulbright, Crooker & Jaworski, James F. Weiler, Houston, Tex., Miketta, Glenny, Poms & Smith, Los Angeles, Cal., for plaintiffs.

Bryan, Patton & Westmoreland, Chilton Bryan, Houston, Tex., Rose, Schmidt & Dixon, Pittsburgh, Pa., for defendants.

SEALS, District Judge.

MEMORANDUM OPINION:

This is an action filed pursuant to 35 U.S.C. § 146 and 28 U.S.C. § 1338 to review the decision of the Board of Patent Interferences of the United States Patent Office in awarding priority to the Defendant Crickmer on one of four claims of priority of invention (counts) which were the subject of the interference proceeding. The defendants have filed a counterclaim seeking to reverse the award of priority on counts 1, 2 and 3, to Walker and to award priority to the defendants. The plaintiffs have moved that the counterclaim be dismissed for want of jurisdiction upon the ground that the counterclaim was not filed within the jurisdictional time limit of sixty days set by 35 U.S.C. § 146 and Patent Office Practice Rule 304, 35 U. S.C. App., 37 C.F.R. § 1.304.

 The decision of the Interference Board was announced on September

14, 1971. The Plaintiffs filed this suit complaining of the award of priority to Crickmer on November 11, 1971, within the sixty day limit. The defendants were served with process on November 15, 1971, and within the 20 day period allowed by F.R.Civ.P. 12 for the filing of an answer to the complaint, the defendants filed their answer and counterclaim seeking a reversal of the Interference Board's award of priority to Walker on counts 1, 2 and 3, and an award of priority to Crickmer on those counts. The issue is neatly posed whether, once an action has been filed seeking review of a Board decision, a counterclaim complaining of awards in the same decision is governed by the sixty day rule or the Federal Rules of Civil Procedure.

The plaintiffs contend that the statutory sixty day period in which to seek judicial review of an adverse decision of the Interference Board is jurisdictional, Klumb v. Roach, 151 F.2d 374 (7th Cir. 1945), see, Com. of Australia v. Radio Corp. of America, 399 F.2d 807 (2d Cir. 1968) and Commissariat A L'Energie Atomique v. Watson, 107 U.S.App.D.C. 85, 274 F.2d 594 (1960); that the split award made here yielded two awards each of which may be patentable; that the subject matter of counts 1, 2 and 3 is not logically related to the subject matter of count 4 and therefore do not grow out of the same "transaction," Hensley Equipment Co. v. Esco Corp., 383 F.2d 252, 266 (5th Cir. 1967), see, Moore v. New York Cotton Exchange, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926), 3 Moore, Federal Practice, ¶13.18 at 50 (2d ed. 1968); that the defendants' dissatisfaction as to counts 1, 2 and 3 is therefore a permissive counterclaim and must have an independent basis of jurisdiction, Diamond v. Terminal Railway Alabama State Docks, 421 F.2d 228 (5th Cir. 1970) and 3 Moore Federal Practice, ¶13.19, at 53–54 (2d ed. 1968); that 35 U.S.C. § 146 is that basis; that the defendants filed their permissive counterclaim more than sixty days after the adverse decision of the Interference Board on counts 1, 2 and 3 and therefore the Court lacks jurisdiction to hear the counterclaim.

The defendants concede that their counterclaim complaining of the award of counts 1, 2 and 3, was filed after the expiration of sixty days from the date of the Board's decision. Nevertheless, the defendants contend that the filing of the original complaint within the sixty day statutory period invoked the jurisdiction of this Court, that thereafter the Federal Rules of Civil Procedure governed the case, and therefore the counterclaim was timely filed, citing Union Carbide Corp. v. Traver Investments, Inc., 201 F.Supp. 763 (S.D.Ill.1962).

Critical to the plaintiff's attack is the proposition that the Board rendered two decisions resulting in two unrelated awards. If this is so, then under *Hensley Equipment*, supra, the counterclaim does not arise from the "same transaction." In that case, where a defendant in an infringement action sought to raise the issues of invalidity and noninfringement of *other* patents held by the plaintiff via counterclaim, the Fifth Circuit held that the district court lacked jurisdiction to determine those issues since they did not arise from the same transaction or occurrence as the matter raised in the original complaint.

Whether the Board's action yielded two unrelated awards depends upon the nature of the proceeding before the Board.

"An interference is an administrative proceeding initiated by the Commissioner of Patents pursuant to 35 U.S.C. § 135 for the purpose of determining the question of priority of invention between two or more parties claiming *substantially the same* patentable invention." 60 Am.Jur.2d Patents § 240 at 465, (Citations omitted. Emphasis supplied.); *see*, 37 C.F.R. §§ 1.201(a), 1.203(a), 1.205(a).

Before there can be an interference, it must be determined that the claims ("counts") are patentable to the competing applicants. Brenner v. Manson, 383 U.S. 519, 86 S.Ct. 1033, 16 L.Ed.2d 69

(1966), Application of Ziegler, 363 F.2d 885, 53 CCPA 1560. While each count may be a patentable claim it does not follow that each is a separate patent in all cases. Here for example, Walker's first three counts have resulted in one patent and the fourth count may produce separate patents for Walker or Crickmer, or be included within Walker's patent. Indeed, the crux of the plaintiff's complaint is that at the time the Interference Board found for Walker on counts 1, 2 and 3, it erred in holding that Walker's application did not also disclose the invention set forth as count 4 of the interference between the Walker and Crickmer applications. (Original Complaint, para. VIII). Simply put, the Board decided that as to four aspects of the same invention Walker had priority of invention on three and Crickmer on one. While the award was "split," nevertheless it was one decision on the priority of invention of related aspects of competing patent applications.

The *Hensley Equipment* case, supra, appears therefore to be distinguishable. There the issue was infringement, here it is priority. There, the "other" patents made the subject of the counterclaim were wholly separate and distinct from the plaintiff's patent which the defendant had allegedly infringed. Here, the interference arose because the applications disclosed *substantially the same inventions*, and the allegations of the plaintiff's complaint indicate that the counts are so related that the Board erred in holding that an application which disclosed counts 1, 2 and 3, did not necessarily disclose count 4. That being the case, there is enough of a logical relationship between the counts to find that they arose from the same "transaction," that is, the decision of the Interference Board making a split-award of priority on competing patent applications, and to hold that the filing of the plaintiffs' complaint within the statutory jurisdictional period invoked the Court's jurisdiction over the entire transaction and permitted the defendant to raise the propriety of the award to Walker on counts 1, 2 and 3, by way of a timely counterclaim under Rule 12.

The plaintiffs' motion to dismiss the counterclaims for want of jurisdiction will therefore be denied.