WEIGHT WATCHERS INTERNATIONAL, INC., Plaintiff,

v.

I. ROKEACH & SONS, INC., Defendant.

No. 82 Civ. 0078 (ADS).

United States District Court,
S. D. New York.

Sept. 13, 1982.

Davis & Gilbert, New York City, for plaintiff.

Hedman, Casella, Gibson & Costigan, New York City, by Anthony J. Casella, Lawrence B. Goodwin, New York City, for defendant.

MEMORANDUM OPINION AND ORDER

SOFAER, District Judge:

Plaintiff Weight Watchers International, Inc. ("Weight Watchers") opposed a trademark application of defendant I. Rokeach & Sons, Inc. ("Rokeach") before the Trademark Trial and Appeal Board ("the Board"). Weight Watchers challenged the application on the grounds that (1) defendant's mark "Weight-Wise" had not been validly used in commerce and (2) the mark was likely to be confused with plaintiff's "Weight Watchers" trademark. The Board sustained plaintiff's opposition insofar as defendant's mark had not been validly used in commerce. Before reaching the use issue, however, the Board also concluded that in the relevant product line there was no

likelihood of confusion between "Weight Watchers" and "Weight-Wise." *Weight Watchers International v. I. Rokeach & Sons, Inc.,* 211 USPQ 700 (TTAB 1981).

Plaintiff asserts on appeal to this Court that the Board improperly reached the issue of confusion. According to Weight Watchers, once the Board decided the "threshold" issue of use in commerce against Rokeach, it should not have announced "dicta" on the "moot" issue of confusion. Plaintiff therefore asks the Court to vacate so much of the Board's opinion as deals with the confusion issue.

Plaintiff's right to request this relief on appeal to this Court is unclear. 15 U.S.C. § 1071(b)(1) allows an appeal to a District Court to any party "dissatisfied with the decision" of the Board. The Board itself read this provision broadly in suggesting to plaintiff that plaintiff could appeal its refusal to vacate the findings regarding likelihood of confusion. *Weight Watchers International v. I. Rokeach & Sons, Inc.,* Denial of Plaintiff's Request for Reconsideration at 3 (TTAB Dec. 8, 1981).

Although the reference to merely "dissatisfied" parties suggests a broad right of appeal, the reference to "decision" is limiting in that decision generally refers to the actual result of a proceeding, as opposed to rulings and findings noted in the opinion but not essential to the judgment reached. *See, e.g., W. W. Windle Co. v. Commissioner,* 550 F.2d 43, 45 (1st Cir. 1977); *Klemperer v. Price,* 271 F.2d 743, 47 CCPA 729 (1959) (per curiam). In this case plaintiff is dissatisfied, but not with the decision of the Board to refuse defendant's trademark registration.

■ Notwithstanding the language of the statute, a party satisfied with the result of a Board decision may raise issues before a federal court on an appeal initiated by the dissatisfied party that lost before the Board. *Popular Merchandise Co. v. "21" Club, Inc.,* 343 F.2d 1011, 52 CCPA 1224 (1965); *Maremont Corp. v. Air Lift Co.,* 463 F.2d 1114, 59 CCPA 1152 (1972). It has, however, been suggested that, unless the losing party appeals, the winning (*i.e.* "satisfied") party may not appeal the Board's

other rulings. *Maremont Corp. v. Air Lift Co., supra.* In this case Rokeach, the party that lost before the Board, did not appeal, but merely filed a cross-appeal to plaintiff's appeal, which is time-barred unless allowed as a response to Weight Watchers' appeal. An untimely appeal by a losing party cannot reasonably be used to justify hearing a winning party's appeal under the doctrine of *Popular Merchandise, supra* and *Maremount Corp., supra.* An appeal concerning the merits of the Board's no-likelihood-of-confusion finding would therefore be improper.

■ In this case, however, plaintiff appeals on the question whether the Board should have reached the likelihood-of-confusion issue. Unless an appeal by the winning party is allowed on this issue, the objection made by Weight Watchers will evade review. For if the Board eventually rules against Weight Watchers and permits registration, the issue concerning the propriety of its earlier "dicta" will be moot. Allowing Weight Watchers an appeal limited to the procedural issue it raises at this time therefore seems necessary and proper.

■ Turning to the merits, plaintiff's suggested limitation on the Board's decision-making procedures is unsupportable. Administrative agencies like the Board "should be free to fashion their own rules of procedure and pursue methods of inquiry capable of permitting them to discharge their multitudinous duties." *FCC v. Pottsville Broadcasting Co.,* 309 U.S. 134, 143, 60 S.Ct. 437, 441, 84 L.Ed. 656 (1940). The Board is not a judicial body restricted by the case-or-controversy requirement of article III of the Constitution. "The subject matter of agencies' jurisdiction naturally is not confined to cases or controversies inasmuch as agencies are creatures of article I. Though agencies must act without arbitrariness, . . . still agencies are generally free to act in advisory . . . capacities." *Tennessee Gas Pipeline Co. v. Federal Power Commission,* 197 U.S.App.D.C. 1, 606 F.2d 1373, 1380 (1979).

The importance of judicial restraint in reviewing the propriety of an agency's decision-making techniques is demonstrated by

the special circumstances that may explain why the Board sees fit on occasion to issue rulings not strictly necessary to decide the particular application being considered. The Board has moved in the last ten years towards a rule allowing opposers to raise the so-called "ex parte" issue of valid use regardless of whether actual damage to the opposer is established by a likelihood of confusion. *See Weight Watchers International v. I. Rokeach & Sons, Inc., supra,* 211 USPQ at 706–07. Plaintiff focuses on this relatively recent procedural development to support its claim that likelihood of confusion is a secondary issue which the Board should not reach absent an affirmative finding on the "threshold" issue of valid use in commerce. Traditionally, however, likelihood of confusion, not valid use, was considered the "threshold" issue necessary to establish a party's standing to oppose a trademark registration. *Id.* As a theoretical matter, either issue could be denominated the "threshold" issue. Furthermore, the agency would be justified in reaching the "nonthreshold" issue merely because it concluded that such a procedure saved administrative resources and expedited the agency's work. Where, as here, the parties have argued both valid use and likelihood of confusion to the Board, the Board is free to address both issues.

The weight, if any, to be assigned to the Board's initial finding on the issue of confusion is a matter for the Board to decide when and if Rokeach reapplies to register the "Weight-Wise" mark. Changes in the nature of Rokeach's use of the trademark may or may not create new circumstances requiring a complete re-examination of the ruling on the issue of confusion. In any event, at such time as defendant may be successful before the Board, plaintiff will be allowed an appeal to this Court on the merits of the confusion issue.

Even if the Board were limited by the case-or-controversy requirement of article III, it is not clear that a ruling on the issue of confusion in this case would constitute an improper advisory opinion. Appellant's argument is aided by *Electrical Fittings Corp. v. Thomas & Betts Co.,* 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263 (1939), where a

District Court had found both that the defendant had not infringed the plaintiff's patent and that the patent was valid. The defendant's appeal was dismissed by the Second Circuit and the Supreme Court reversed. The Supreme Court emphasized that the defendant could not obtain an appeal of the merits of any issue in a case it had won, but it decided that defendant should be allowed to have the finding of patent validity vacated. As the Supreme Court explained in a later case, "[t]o hold a patent valid if it is not infringed is to decide a hypothetical case." *Altvater v. Freeman,* 319 U.S. 359, 363, 63 S.Ct. 1115, 1117, 87 L.Ed. 1450 (1943).

A finding of patent validity, however, is not analogous to a finding of no likelihood of trademark confusion. Because a patent confers a legal monopoly, the Supreme Court has specifically suggested that District Courts strive to dispose of infringement suits by carefully scrutinizing patent validity rather than by simply finding noninfringement. *Sinclair Co. v. Interchemical Corp.,* 325 U.S. 327, 330, 65 S.Ct. 1143, 1145, 89 L.Ed. 1644 (1945). The *Electrical Fittings* decision reflects the Supreme Court's desire that patents be held valid only in plainly concrete settings. Where courts have held patents both invalid and noninfringed, however, the bar against deciding "hypothetical" questions is enforced with less rigor. *See Mobil Oil Corp. v. Filtrol Corp.,* 501 F.2d 282, 293–94 (9th Cir. 1974); *Kahn v. Dynamics Corp. of America,* 367 F.Supp. 63 (S.D.N.Y. 1973), *aff'd,* 508 F.2d 939 (2d Cir. 1975). A determination of no likelihood of confusion is more analogous to a determination of patent invalidity than to a finding of patent validity in that in both no-likelihood-of-confusion and patent-invalidity situations a court decides against a right to monopolize a particular idea.

■ Defendant has cross-appealed to this Court concerning the Board's ruling on the use-in-commerce issue. Although it did not file its own appeal on this issue in a timely fashion, defendant seeks to take advantage of an exception for compulsory counterclaims filed in response to timely appeals. *See Shaffer Tool Works v. Joy Manufacturing Co.,* 352 F.Supp. 822, 177 USPQ 324

(S.D. Tex. 1972). The exception is inapposite here. Plaintiff's appeal concerns only the procedural issue of whether the Board should have reached the likelihood-of-confusion issue. Defendant's cross-appeal challenges the substance of the Board's ruling on the use-in-commerce issue. The cross-appeal cannot fairly be characterized as a counterclaim to the procedural issue raised by plaintiff.

Plaintiff's appeal is denied, defendant's cross-appeal is dismissed, and the Board's decision is affirmed.

SO ORDERED.